[S. F. No. 623.   Department Two.—June 25, 1897.]

J. W. DONNELLY, RESPONDENT, v. SAN FRANCISCO BRIDGE COMPANY, APPELLANT.

NEGLIGENCE — MASTER AND SERVANT — OSTENSIBLE AGENCY OF SUPERINTENDENT OF CORPORATION—SECRET TRANSFER OF CONTRACT.—Where the evidence is sufficient to leave the question to the jury as to the negligence of one who had acted as superintendent of the corporation defendant, the fact that before the time of the injury of the plaintiff the superintendent had secretly become the assignee of the corporation, and was carrying on the work as an individual contractor, is immaterial, where it appears that his ostensible agency for the corporation continued, or that no notice was given to the plaintiff or other employees of the corporation of any change of employer; that the time books of the corporation were continued in use, and business conducted in its name, and that payments were made at its office, as formerly, when the injury to plaintiff occurred.

ID.—PLEADING OF OSTENSIBLE AGENCY—ESTOPPEL—WANT OF KNOWLEDGE. Although the doctrine of ostensible agency rests upon estoppel, the plaintiff is not required to plead such estoppel, or to aver the facts constituting ostensible agency, where he believed and had cause to believe that the negligent person was in fact the agent of the defendant; and a party is not bound to plead an estoppel where he is without knowledge that his claim must ultimately rest upon it.

ID.—EXTENT OF OSTENSIBLE AGENCY—LIABILITY OF PRINCIPAL FOR TORTS. A principal is liable not only for the contractual obligations of his ostensible agent, but also for the torts and acts of negligence committed by him within the scope of his ostensible authority.

ID.—LIMITS OF MASTER'S RESPONSIBILITY—NEGLIGENCE OF SUPERINTENDENT AS FELLOW-SERVANT.—The master must supply his employees with suitable appliances and a reasonably safe place in which to perform their tasks, and use due care in the selection of fit and competent fellow employees, and cannot relieve himself from responsibility by delegating to any servant a duty which rests upon him as master; but where a superintendent or overseer of work is negligent in any duty which does not devolve upon the master, but which might be performed by any fellow-

servant, his negligence is that of a fellow-servant, and the master is not responsible for any injury resulting therefrom to another servant in the same general employment.

ID.—NATURE OF ACT OF SERVICE—REPRESENTATION OF MASTER—QUESTION OF LAW.—Whether one acts as a fellow-servant, or as a representative of the master, under a given state of facts, is a question of law for the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. WILLIAM P. DAINGERFIELD, Judge.

The facts are stated in the opinion of the court.

*R. Percy Wright*, for Appellant.

The facts constituting ostensible agency must be specially pleaded. (*Clarke* v. *Huber*, 25 Cal. 597; *Davis* v. *Davis*, 26 Cal. 23; 85 Am. Dec. 157.) Plaintiff assumed the ordinary risks of the business in which he was employed, including injury from the negligence of a fellow-servant; and his injuries were suffered in consequence of the ordinary risks of his employment. (Civ. Code, sec. 1970; *Atchison etc. R. R. Co.* v. *Moore*, 29 Kan. 632, 644; *Baltimore etc. R. R. Co.* v. *Baugh*, 149 U. S. 368, 387; Bailey on Master's Liability, 1.) The liability of the defendant for the act of a servant is to be determined by the character of the act. (*Callan* v. *Bull*, 113 Cal. 593, and cases cited; *Higgins* v. *Williams*, 114 Cal. 176; *Crispin* v. *Babbit*, 81 N. Y. 520; 37 Am. Rep. 521; *Loughlin* v. *State*, 105 N. Y. 159; *Cullen* v. *Norton*, 126 N. Y. 6; *Moody* v. *Hamilton Mfg. Co.*, 159 Mass. 70, 72; 38 Am. St. Rep. 396.) The rule as to responsibility for the act of an ostensible agent does not apply to an action in tort. (Civ. Code, sec. 2334; *Smith* v. *Belshaw*, 89 Cal. 427.)

*Reddy, Campbell & Metson*, for Respondent.

The principal is liable to persons having no notice of the termination of an agency, though it has in fact terminated. (*Van Dusen* v. *Star etc. Min. Co.*, 36 Cal. 571; 95 Am. Dec. 209; *Southern Pac. Co.* v. *Wellington*, 36 S. W. Rep. 1114.) The act of an agent is in law the

act of the principal, whether the agency be actual or
ostensible; and there is no reason for pleading agency in
either case, especially where plaintiff could not know
that the agency was not actual. *Qui facit per alium facit
per se.* (Broom's Legal Maxims, 818, *et seq;* Story on
Agency, sec. 440.) The superintendent stood in the
place of and represented the corporation. (Shearman
and Redfield on Negligence, sec. 102; *Beeson* v. *Green Mt.
etc. Min. Co.,* 57 Cal. 20; *McKune* v. *California etc. R. R.
Co.,* 66 Cal. 302; *Brown* v. *Sennett,* 68 Cal. 225; 58 Am.
Rep. 8.) One of the duties of the employer was to fur-
nish a safe and suitable place for the employee to per-
form his work. (*McNamara* v. *McDonough,* 102 Cal. 575;
*Mullin* v. *California Horseshoe Co.,* 105 Cal. 77; *Ryan* v.
*Los Angeles etc. Co.,* 112 Cal. 244; *Cherokee etc. Co.* v.
*Britton* (Kan. 1896), 45 Pac. Rep. 100; *Sanborn* v. *Madera
Flume etc. Co.,* 70 Cal. 261; *Daves* v. *Southern Pac. Co.,*
98 Cal. 20; 35 Am. St. Rep. 133; Cooley on Torts, 663.)
It is the duty of the master to make such regulations or
provision for the safety of employees as will afford them
reasonable protection against the dangers incident to
the performance of their respective duties. (7 Am. &
Eng. Ency. of Law, 832, 838, and cases cited.)

HENSHAW, J.—Plaintiff sued defendant to recover
damages for injuries sustained by him while in its em-
ploy by reason of its negligence. He recovered judg-
ment, and this appeal is taken from the order of the
court denying defendant a new trial.

Plaintiff showed that the defendant had entered into
a written contract with the Olympic Salt Water Com-
pany, a corporation, to construct a pier on the beach
near the Cliff House, in the city and county of San
Francisco. The work of construction was commenced
by the defendant under the contract. M. B. Stone was
the superintendent of the defendant company and in
charge of the work. Plaintiff was employed by the
company through its superintendent, and went to work
on the fifth day of July, 1893, and continued to work

on the pier until he received the injuries complained of. It was not disputed upon the trial that plaintiff was employed for the defendant by its superintendent. Upon the twenty-first day of July, 1893, the work of pile-driving for the construction of the pier was in progress. A pile had been driven too deep, and the plaintiff, with other men, was sent by the superintendent to lay a foundation for a jack-screw to raise the pile. This required the plaintiff to work under the piledriver. Plaintiff was engaged in carrying and arranging blocks upon which to place the jack. The blocks were supplied from a place ten or twelve feet above, from which height they were thrown down to the workmen below. M. B. Stone, the superintendent, was supervising the work. Plaintiff, while stooping down to pick up a block, was struck by one thrown from above. The man above asked before he threw the block if all was clear below, and was answered in the affirmative by the superintendent and others, and the block was allowed to fall. The superintendent, when he gave his answer, was standing within a few feet of the plaintiff, and there was nothing to obstruct his view of him. It appears also that Stone noticed the plaintiff the instant after he had given the order, and called to the workman above to hold. The time was too short; the block was already falling.

This evidence certainly leaves the question one for the jury as to whether or not M. B. Stone was negligent in giving the order, and, from the jury's determination, it must be concluded that it deemed he was. That Stone was the superintendent in charge of the work when it was commenced, there is no room for doubt. The defense, however, undertook to show that before the time of the injury it had assigned the contract to Stone, and that thereafter, and at the time of the injury, it was no longer in charge of, or connected with, the labor of construction, and that Stone was carrying on the work as an independent contractor upon his own individual responsibility. Plaintiff in turn met this by evidence to prove that Stone continued at least to be the osten-

sible agent of defendant in charge of the work.   In this
he was quite successful.   He showed that no notice was
ever given to him of the pretended change in his em-
ployers; that the work was conducted under the direc-
tion of Stone after the date of the contract in precisely
the same manner as that which characterized it before.
He showed that the time-book kept for the work and
the time checks issued to the men were upon printed
blank forms used by the corporation, and that the work-
men presented their vouchers upon the printed forms
of the company to the office of the corporation, and
there received their money as they had been wont to
do.   In short, after the date of the contract, whereby it
is claimed that the sole management and control of the
work was turned over to Stone, the work was in all
respects conducted by Stone as it had been during the
time preceding.   The evidence of the time-book and
time checks, of the payment of the laborers, and of the
general conduct of the work, was all admissible to es-
tablish the ostensible agency.   (*Southern Pac. Co.* v.
*Wellington,* 36 S. W. Rep. 1114; *Forbes* v. *Willamette etc.
Co.,* 19 Or. 61; 20 Am. St. Rep. 793.)   An agency is
ostensible when the principal intentionally, or by want
of ordinary care, causes a third person to believe another
to be his agent, who is really not employed by him.
(Civ. Code, sec. 2300.)   There is shown in this case an
existing agency, a secret termination of it under cir-
cumstances designed to transform the agent into the
principal, and this, without any knowledge or means
of knowledge of the changed conditions afforded to
those who had taken original employment under the
defendant.   The doctrine of ostensible agency draws
its support from the equitable principles of estoppel *in
pais,* and it would not be easy to call to mind a clearer
instance of ostensible agency than that here presented
by the evidence.

But appellant makes reply, that if the agency was
ostensible, the plaintiff should so have pleaded, under
the general rule that where a cause of action rests upon

estoppel, the estoppel must be pleaded. To this, how-
ever, it need only be said that a party is not bound to
plead an estoppel where he is without knowledge that
his demand must ultimately rest upon it. Estoppel in
this case was not the foundation of the plaintiff's claim.
He believed, and was given cause to believe, that Stone
was the actual agent. By the evidence of the defense
he was driven to rest upon proof of an ostensible agency,
and this proof, under the circumstances, he was clearly
entitled to make without a direct pleading to the point.
In this respect the case is not dissimilar to that of
*Blood* v. *La Serena Land etc. Co.*, 113. Cal. 221, where
the subject is considered.

It is further contended by appellant, however, that
under ostensible agency a principal is not bound for
any of the torts of the agent, and reliance is had in
this regard upon section 2334 of the Civil Code, which
declares that a principal is bound by the act of his
agent, under a merely ostensible authority, to those per-
sons only who have in good faith and without ordinary
negligence incurred liability or parted with value upon
the faith thereof. But the preceding section, 2330, pro-
vides: "An agent represents his principal for all pur-
poses within the scope of his actual or ostensible
authority, and all the rights and liabilities which would
accrue to the agent from transactions within such limit,
if they had been entered into on his own account, ac-
crue to the principal." Section 2334 deals solely with
rights and liabilities arising out of contract. It was not
designed to destroy the effect of the universally accepted
principle of law declared in section 2330, and limit the re-
sponsibility of the principal only to the contractual liabil-
ities arising from the ostensible authority. No reason
exists why the principal under an ostensible authority
which through fault or negligence he has permitted,
should be exonerated from liability for the torts of the
ostensible agent, any more than would the principal
in the case of an actual agency; and, as has been said,
the general rule is as declared in section 2330.

But it is not for all torts or acts of negligence of the agent that the master is responsible to a servant or employee injured thereby. The master's duties to his employees are three: first, to supply them with suitable appliances for their labor; second, to afford them a reasonably safe place in which to perform their tasks; and, third, to use due care in the selection of fit and competent fellow employees. If in any duty enjoined by law upon the master there is a failure of performance as a result of which an employee is injured, the master is responsible, whether he undertook the performance of that duty personally, or whether it was delegated by him to the least and lowest of his employees. For in the performance of such duty the general rule that an employee may not obtain compensation from the master for injury resulting from the act of a fellow employee has no application. Upon the contrary, however, where the injury has resulted from the omission or negligent performance of an act which it was no part of the duty of the master to perform, and in the doing of which no duty of the master was being performed, then the person through whose negligence the injury has resulted, whatever may be his grade or rank of employment, is not as to that act the representative of the master, and the responsibility for injury is upon the individual actor and not upon the employer.

These propositions of law are firmly established. In *Daves* v. *Southern Pac. Co.*, 98 Cal. 19, 35 Am. St. Rep. 133, the first proposition is elaborately considered by this court in bank, and it is said: "If the act was one which it was the duty of the employer to perform toward its servants, and one of them negligently performed it to the injury of another servant in the same common employment, then the offending servant in the performance of such duty acted as the representative or agent of his employer, for which the employer is responsible." To like effect are the cases of *Elledge* v. *National etc. Ry. Co.*, 100 Cal. 282; 38 Am. St. Rep. 290; *Nixon* v. *Selby etc. Co.*, 102 Cal. 458; *Mullin* v. *Horse*

*Shoe Co.,* 105 Cal. 77; *St. Louis etc. Ry. Co.* v. *Needham,* 63 Fed. Rep. 107; *Atchison etc. R. R. Co.* v. *Moore,* 29 Kan. 632; *Baltimore etc. R. R. Co.* v. *Baugh,* 149 U. S. 368, 387.

The second proposition is thus clearly enunciated in the case of *Callan* v. *Bull,* 113 Cal. 593: "The liability of the appellant is to be determined by the character of the act through which the injury was sustained, or of his functions in reference to the act, and not by the rank or station of the employee under whose direction the act was performed. Where the negligence is in an act which the master must personally perform, the person to whom he delegates its performance is his agent, and the master is responsible for the negligence. If, on the other hand, it is an act which may be delegated to another, or may be performed by an employee, the person by whom it is performed is a fellow-servant with the other employees, irrespective of his rank, and the master is not responsible to them for his negligence in its performance. Whether one acts as a fellow-servant or as a representative of the master is a question of law." In addition to the numerous authorities there cited to support the text, there may be added the very instructive cases of *Crispin* v. *Babbit,* 81 N. Y. 516; 37 Am. Rep. 521; *Loughlin* v. *State,* 105 N. Y. 159; *Cullen* v. *Norton,* 126 N. Y. 6, and *Moody* v. *Hamilton Mfg. Co.,* 159 Mass. 70, 72; 38 Am. St. Rep. 396.

Under the facts of the case at bar it is quite apparent that Stone, in answering to the call of the workman that all was clear below, was not performing on behalf of the defendant corporation any duty by law imposed upon it. The employees were engaged in a task within the scope of their employment. It cannot be successfully contended that the appliances were not suitable, the place of labor not reasonably safe for the character of the work, or the fellow employees not fairly competent and careful. If, as suggested in the brief of respondents, the workman above should have himself looked and not trusted to the declaration of the men

below, then clearly the act was the result of negligence of a fellow employee. But, aside from this, in the absence of the superintendent, it would have been the duty of the men to have proceeded with this particular work. Others of the laborers, it appears from the evidence, made like answer as did the superintendent to the call of the workman above. It was competent and proper for them to do so. In adding his voice to the rest the superintendent performed no duty due to the employees from the master, and was in the act but a fellow-servant of the injured man.

The judgment and order are therefore reversed and the cause remanded.

McFARLAND, J., and TEMPLE, J., concurred.