[Civ. No. 5211. First Appellate District, Division Two.—November 20, 1925.]

## W. P. DILLON, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation) et al., Appellants.

[1] Negligence—Automobile Accident—Agency—Scope of Employment—Evidence—Verdict.—In this action against an insurance company and one of its agents for damages for personal injuries suffered by plaintiff and for damage to his automobile through the alleged negligence of said agent in the operation·of an automobile owned and driven by him, the evidence was sufficient to sustain the conclusions of the jury that said agent ˙was such an agent or employee of the insurance company at the time of the accident as to enable plaintiff to invoke the doctrine of *respondeat superior*, that the use by said agent of his own automobile was within the scope of his employment, and that at the time of the accident said agent was engaged in performing duties required by his contract of employment in a manner reasonably contemplated by the insurance company.

[2] Id.—Place of Employment — Accident En Route to Office—Performance of Duties—Evidence.—In such action, the evidence having shown that said agent was employed from 8 o'clock in the morning until 4 o'clock in the afternoon, that his duties included numerous activities within a described territory, including that in which the accident happened, and that his place of employment was not at the office of the insurance company, although he was obliged to attend meetings of agents there, the jury was justified in concluding that at the time of the accident said agent was engaged in performing duties required by his contract of employment in a manner reasonably contemplated by his employer, notwithstanding the evidence also showed that on the occasion of the accident said agent was going to but had not yet reached the office of the company to attend to a meeting of agents at about 9:30 o'clock in the morning.

[3] Id.—Reasonable Mode of Conveyance—Use of Own Automobile.—Where the territory to be covered by an insurance agent embraces an area of two hundred square miles of thickly populated territory, and the insurance company provides no means of conveyance and exercises no control over the same, but allows said agent to use any reasonable mode of conveyance in covering

2. Liability of employer for injuries inflicted by automobile driven by a salesman or collector, notes, 17 A. L. R. 621; 29 A. L. R. 470.

the territory, the use by him of his own automobile is a reasonable means of conveyance.

[4] ID.—SCOPE OF EMPLOYMENT—RIGHT TO USE OWN AUTOMOBILE—QUESTIONS FOR JURY—APPEAL.—In such action the question whether or not said agent was acting within the scope of his employment at the time of the accident and the question whether or not it was reasonably contemplated that the agent should use an automobile in the performance of his duties were questions of fact to be submitted to the jury under appropriate and explicit instructions, and, under the evidence, the determination of the jury upon those questions was conclusive on appeal.

[5] ID.—RELATIONSHIP OF INSURANCE AGENT TO COMPANY—EVIDENCE. Where an insurance agent is working under an agreement to give his entire time between specified hours to carrying out the instructions of the employer, and he is paid a weekly salary and can be discharged at any time, and the employer's book of rules under which said agent is working prescribes with the utmost detail his duties, his aims, his purposes, and the various results to be accomplished in the performance of the same, he is an agent, and not an independent contractor.

[6] ID.—PRINCIPAL AND AGENT—EVIDENCE—SURPLUS INSTRUCTIONS.—In such action, the defendant insurance company could not have been prejudiced by the giving of several instructions to the jury upon the question of principal and agent, which correctly stated the law, but which were inapplicable under the evidence.

[7] ID.—RELATIONSHIP OF INSURANCE AGENT TO COMPANY—EVIDENCE—INSTRUCTIONS.—In such action, there having been conflicting inferences to be drawn from some of the facts bearing upon the question of whether the relation of said insurance agent and the insurance company was that of employer or subcontractor, the trial court did not err in submitting said question to the jury.

[8] ID.—NEGLIGENCE OF AGENT—EVIDENCE—VERDICT.—In such action, in view of the evidence, showing among other things that said insurance agent's automobile struck the rear and left-hand running-board of plaintiff's machine causing it to overturn, that said agent was driving very rapidly and sounded no warning and that he skidded about thirty feet after the collision, the jury was justified in finding that said agent was negligent.

---

(1) 39 C. J., p. 1301, n. 64, p. 1359, n. 54, 58, p. 1360, n. 62. (2) 39 C. J., p. 1359, n. 58.   (3) 39 C. J., p. 1283, n. 72, p. 1362, n. 22.   (4) 39 C. J., p. 1269, n. 52, p. 1359, n. 54.   (5) 39 C. J., p. 1317, n. 12.   (6) 4 C. J., p. 1033, n. 37.   (7) 39 C. J., p. 1362, n. 18, p. 1364, n. 32, p. 1591, n. 5.   (8) 39 C. J., p. 1359, n. 50, p. 1360, n. 63.

5.  See 13 Cal. Jur. 1019.
6.  See 24 Cal. Jur. 828.
7.  See 13 Cal. Jur. 1045.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Benjamin K. Knight, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland and Christin for Appellants.

Philip M. Carey and Elliott Johnson for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for $10,000 in an action brought to recover for personal injuries to plaintiff and damage to his automobile, alleged to have been caused by the negligence of defendant McDonald in operating his automobile while he was engaged upon the business of the other defendant, Prudential Insurance Company.

[1] On behalf of the defendant and appellant Prudential Insurance Company it is urged that defendant McDonald was not such an agent or employee of his codefendant Company at the time of the accident as to enable plaintiff to invoke the doctrine of *respondeat superior;* that McDonald was not acting as agent for the Company at the time of the accident because he was on his way to and had not reached the place of his employment; that the use of the automobile by McDonald was not within the scope of his employment. Those questions of fact were all submitted to the jury under most comprehensive instructions and the jury has decided them in favor of the plaintiff. It only remains to us, upon appeal, to find in the record some substantial evidence justifying these findings.

We shall set forth the facts which undoubtedly influenced the jury in reaching its conclusions and which sustain those conclusions. Defendant McDonald was working for the defendant Company under a contract which required him to give his entire time to the business of the Company. He was to work eight hours each day, from 8 in the morning until 4 in the afternoon. His duties were to collect premiums due upon insurance, solicit new insurance, deliver policies issued by the Company, attend meetings of agents, etc. His district extended from Alameda to Richmond and

from Oakland to Hayward, California, an area of over two hundred square miles. He was allowed to use any reasonable mode of conveyance in "covering" this territory. The Company provided no means of conveyance and exercised no control over the same, but its superintendent admitted that there was no objection to any reasonable means of conveyance which McDonald might employ. McDonald had been working for the Company for nineteen months previous to the accident. He was paid a regular weekly salary and a commission upon new business. The contract of employment between the defendants specified minutely the agent's duties; they are very numerous and require much traveling about and contact with many persons every day. McDonald owned an automobile, which he had been driving for about three months before the accident. He stated that he had driven the car every day and averaged about one hundred miles a day with it. It is true he stated he did not use the automobile in his house-to-house canvass for the Company, and it is obvious that this could not be done with convenience or satisfaction. However, his duties were not limited to such work and the size of his district was such that it could not have been "covered" in a house-to-house canvass.

On the occasion of the accident McDonald was going to Oakland to report at the office of the Company there and attend a meeting of agents at about 9:30 o'clock in the morning. The accident occurred at the intersection of Pacific Avenue and Ninth Street, within the territory assigned to McDonald by the Company. He stated that he passed over this intersection about three times a day; that on some days he might go over it fifty times in one day in his automobile; that he had a policy-holder on each corner on each block there; that he had written the policies held by those persons and collected the premiums upon them. It is pertinent to remark here that the plaintiff testified that when he first saw McDonald's automobile it was standing opposite a little gate seventy-five feet south of the south side of Pacific Avenue. At the time of the accident McDonald had with him a satchel containing policies to be delivered to policy-holders or to be returned to the Company. These policies aggregated about $40,000 worth of insurance. An officer of the company had ridden in McDonald's automobile with him, although McDonald stated he had not done so in the course of the Com-

pany's business. McDonald testified that the accident occurred in his territory and that he traveled in that vicinity a great deal and took care of everything for the Company in that region.

With these facts before us, it becomes unnecessary to discuss the cases cited by appellant upon the question of agency. Each case is decided upon its own peculiar facts and is not helpful in a case presenting different facts. In the instant case the jury was instructed that in determining whether a particular act is within the scope of a servant's employment it should be determined whether or not the particular act was done in the transaction of the business in which the servant was employed, and if it was, the servant was acting within the scope of the employment; that in determining whether McDonald was acting within the course and scope of his employment for the Company the jury should take into consideration the nature of the employment, the nature of the business of the Company, the hours of employment, the territory where the employment required him to be, and the duty, if any, which he was performing for the Company at the time of the accident, and any and all circumstances disclosed by the evidence. The jury was further instructed that in order to charge the Insurance Company it was necessary for it to find that at the time of the accident McDonald was the agent of the Company, was acting within the course and scope of his employment as such agent, and at that time was performing his duties in a manner necessary to his employment or in a manner reasonably contemplated by his employer. Repeatedly the court emphasized in its instructions to the jury that in order to charge the Insurance Company the jury must find that at the time of the alleged negligent act of McDonald he was performing his duties for the Company in a manner necessary to the employment or in a manner reasonably contemplated by the employer.

[2] We think the jury was justified in concluding, as it did, that at the time of the accident McDonald was engaged in performing duties required by his contract of employment in a manner reasonably contemplated by the employer. The situation is distinguishable from one where the employee goes to work at a specified place at a specified time. Here Mc-

Donald was employed from 8 o'clock in the morning until 4 in the afternoon. His duties included numerous activities within a certain territory. He was not employed merely when he reached the Oakland office of the Company for the meeting to be held at 9:30 o'clock that morning. He was employed to "cover" a specified territory, in which the accident happened, and to perform a multitude of duties therein. As a part of his duties he was obliged to go to the meeting at the Company's office. His duties were field duties. The place of his employment was within the territory comprising the cities of Alameda, Richmond, Berkeley, San Leandro, Oakland, and Hayward, California. The place of his employment was not at the office of the Company. This distinguishes this case from the authorities dealing with situations where an employee was on his way to a restricted, definite, exclusive business office or place of employment.

[3] As to the reasonableness of the means of travel employed by the agent, certainly an automobile was a reasonable means of conveyance in a district as extended as that assigned to McDonald, and the superintendent of the Insurance Company testified that the agent was permitted to select his own means of traveling about, and that the Company objected to no reasonable means. The case of *Dishman* v. *Whitney*, 121 Wash. 157 [29 A. L. R. 460, 209 Pac. 12], presents facts closely analogous to those in the instant case: An employer was held liable for injuries occasioned by its salesman in driving his automobile. The court stated the facts with reference to the use of the automobile as follows: "At the time Whitney was employed, nothing was said about transportation or the means by which he should get about the city to see prospective customers. After he had been employed for a time, the evidence shows, or at least a reasonable inference from the evidence is to the effect, that one of the managers of the Company under whose supervision Whitney came, knew that he was using an automobile in his business. No objections were made thereto, and it appears to have been perfectly satisfactory that Whitney should use the car, or any other means of travel that he might elect."

[4] In the instant case the question whether or not the agent was acting within the scope of his employment at the time of the accident and the question whether or not it was

reasonably contemplated that the agent should use an automobile in the performance of his duties were questions of fact submitted to the jury under appropriate and explicit instructions, and with the determination of the jury upon these questions this court cannot interfere.

[5] It is contended by appellant Insurance Company that McDonald was not an agent, but an independent contractor. He was working under detailed regulations from his employer, and under an agreement to give his entire time between specified hours to carrying out the instructions of the Company. He was paid a weekly salary and could have been discharged at any time. In the case of *Pearson* v. *Potter Co.*, 10 Cal. App. 245 [101 Pac. 681], it was said: "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done as well as the result to be accomplished, or in other words not only what shall be done but how it shall be done." The Company's book of rules and regulations under which McDonald was working prescribed with the utmost detail his duties, his aims, his purposes, and the various results to be accomplished in the performance of the same.

The case of *Brown* v. *Industrial Accident Com.*, 174 Cal. 457 [163 Pac. 664], seems closely in point. That case presented the question of whether a real estate salesman engaged to sell property in a certain district was an employee or independent contractor. It was held that he was an employee and the determining factors there are largely present in the instant case. It was said: "But Skidmore (the agent) did not contract to produce any particular result. The contract was fully performed on his part when he had devoted all his time to endeavoring to sell Brown's lots, irrespective of the number of sales, if any, which he might make. He could leave the service of the petitioner at any time without being charged with a breach of contract and was liable to discharge as an employee. The results obtained, so far as Skidmore was concerned, were important merely as a means of ascertaining the amount of commissions he should receive, a circumstance which in itself does not create the relationship of an independent contractor. (*Cameron* v. *Pillsbury et al.*, 173 Cal. 83 [159 Pac. 149].) Nor could he delegate others to carry out the terms of the con-

tract.   It called for his personal services.   Even his commissions were not to be transferred or assigned without Brown's 'written consent and approval.' "

The case of *Lewis* v. *National Cash Register Co.*, 84 N. J. L. 598 [87 Atl. 345], is also helpful here.   It holds that a salesman engaged in selling cash registers, under a contract to devote his entire time to that business, conform to the rules of the company, receive a percentage on sales and pay his own expenses, was an employee and not an independent contractor.   It was also held that although not mentioned in the contract, the use of some means of conveyance was impliedly authorized and that the selection of an automobile for this purpose was reasonable.   Assuredly, in the instant case, some means of conveyance was impliedly authorized with the assignment of so large a district to McDonald.   We think there is no merit in the position of the appellant Prudential Insurance Company upon this question.

[6]   It is contended that the court gave several instructions to the jury upon the question of principal and agent, which were inapplicable to the evidence, although correctly stating the law, and that these instructions tended to confuse the jury to the prejudice of appellants.   We are unable to see how appellants could have been prejudiced by superfluous instructions correctly stating the law.   [7]   Objection is also made to the action of the court in submitting to the jury the question of whether the relation of McDonald to the Insurance Company was that of employee or subcontractor.   It is contended that it was a question of law for the court.   We think there are conflicting inferences to be drawn from some of the facts bearing upon this question and there were many circumstances which entered into the conclusion to be reached which made the question a proper one for the jury.

[8]   The only other contention is that the evidence does not justify a finding that McDonald was negligent.   McDonald's automobile struck the rear and left-hand running-board of plaintiff's car causing it to overturn.   There was testimony that McDonald was driving very rapidly and sounded no warning and that he skidded about thirty feet after the collision.   We need not go into the evidence fully.

There was evidence to justify the verdict and the trial judge so concluded in denying a motion for a new trial.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1926.