[Civ. No. 7053. First Appellate District, Division Two.—October 8, 1929.]

SALLIE R. LOWMILLER, Respondent, v. MONROE, LYON & MILLER, INC. (a Corporation), Appellant.

J. Hampton Hoge for Appellant.

Dinkelspiel & Dinkelspiel and Ford, Johnson & Bourquin for Respondent.

NOURSE, J.—The plaintiff sued for damages for personal injuries. The cause was tried before a jury and resulted in a verdict in favor of plaintiff for two thousand five hundred dollars. From the judgment following the verdict the defendants have appealed upon typewritten transcripts.

The injuries, which are the basis of the action, were caused while the plaintiff was riding in an automobile operated by the defendant Augustine. The negligence of the driver and the amount of the verdict are not questioned on this appeal, the single issue being whether the defendant Augustine at the time of the accident was an employee of his co-defendant or whether he was acting as an independent contractor. The defendant Monroe, Lyon & Miller, Inc., which will

hereafter be referred to as the corporation, held a contract with the owner for the sale of the lots of the Los Altos Country Club properties located near the town of Los Altos in Santa Clara County. In its office in San Francisco the corporation maintained a large corps of salesmen who had been granted licenses as real estate salesmen by the state real estate commissioner upon the approval of this corporation. Among these were Mr. Clark, Mr. Black and Mr. Friedman. A few days prior to August 2, 1925, the plaintiff was handed a card or ticket by a lady standing some place on lower Market Street. This card carried the printed signature of the corporation and purported to be an invitation on the part of the corporation to the holder to ride in "our private automobiles" to the site of the property at Los Altos and to enjoy a noon-day luncheon at the temporary club-house without obligation on the part of the holder. This card directed the holder to telephone the office of the corporation and to ask for Mr. Black. Following the directions upon the card the plaintiff communicated with Mr. Black and arranged to have an automobile call for her at her home in San Francisco on Sunday, August 2, 1925. Mr. Black personally engaged defendant Augustine, a licensed jitney bus driver, to call for the plaintiff and her friends. At the appointed time Augustine took the plaintiff, her daughter, son-in-law and two neighbors down the peninsula to the Los Altos Country Club and there, after having been served with luncheon, they were introduced to Friedman, who presented them with a card showing him to be an employee of the defendant corporation. Friedman then directed Augustine to drive the party over the premises in order to enable him to show them the lots that were for sale. After spending some hours upon the property Augustine started back toward San Francisco with his party, and before reaching the city of Palo Alto and while traveling at an excessive rate of speed, he drove his car off the highway and into an orchard, causing the injuries complained of.

It is the theory of the respondent on this appeal that Augustine was merely an employee of the defendant corporation employed for that particular service by one of its agents and that the corporation is therefore liable for his negligence under the doctrine of *respondeat superior*. The theory of the appellants is that, admitting the contract be-

tween the corporation and the owner of the property, the corporation had orally agreed with Mr. Clark that he might work independently upon the sale of these properties and that Black and Friedman were employees of Clark at that particular time and for that particular purpose. It is then contended that when Clark and Black arranged for this trip and for the employment of Augustine to drive the car they were independent contractors and that in turn Augustine as driver of the car occupied the same relation.

The question which is presented on this appeal is simply a question of fact. It would serve no purpose to outline in detail the testimony of the various witnesses tending to prove the theory of the appellants or to extend in this opinion the testimony on the part of the respondent tending to prove her theory. To whatever length we should go we would come to the same end that upon this question of fact there was a sharp conflict in the testimony and that that conflict was one which the jury was called upon to determine. We have outlined enough of the evidence to demonstrate that if the jury believed what we have outlined it was justified in its conclusion that on this occasion Augustine, as well as the three salesmen mentioned, were all employees of the appellant corporation and all subject to its direction and control. Other circumstances pointing to particular elements of the relation of master and servant were brought out by the respondent and are referred to in the briefs, and, on the other hand, circumstances showing elements of the relation of independent contractors were produced by the appellants and are likewise referred to in the briefs. But these merely emphasize the conflict in the evidence before the jury and illustrate the propriety of the rule that where different conclusions might reasonably be drawn from such circumstances the question whether the relation was that of master and servant or of an independent contractor is one which must be left to the jury. (*Perkins* v. *Blauth,* 163 Cal. 782, 791 [127 Pac. 50]; *Willis* v. *San Bernardino L. & B. Co.,* 82 Cal. App. 751, 753 [256 Pac. 724; *May* v. *Farrell,* 94 Cal. App. 703 [271 Pac. 789]; *Dillon* v. *Prudential Ins. Co. of America,* 75 Cal. App. 266, 273 [242 Pac. 736].)

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 7, 1929, and the following opinion then rendered thereon:

THE COURT.—In its petition for rehearing herein the appellant complains that the opinion heretofore filed fails to refer to certain assignments of error made by appellant and particularly to the giving of certain instructions. Notwithstanding the fact that appellant wholly failed to comply with the provisions of section 953c of the Code of Civil Procedure and with rule 8 of the rules of the Supreme Court, we did consider the assignments made, but did not touch upon them as we considered them wholly without merit.

As to the instruction covering the law of ostensible agency, it is argued that under no circumstances can the doctrine of ostensible agency apply in an action for tort, and the cases of *Barton* v. *Studebaker Corporation*, 46 Cal. App. 707 [189 Pac. 1025], and *Smith* v. *Belshaw*, 89 Cal. 427 [26 Pac. 824], are cited as authority. Neither case supports the rule contended for. Both hold that, under the facts of the particular case considered, proof of ostensible agency was insufficient to fasten liability on the purported master. The rule applicable to the case at hand is fully stated in *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417, 422 [49 Pac. 559], where the express provisions of section 2330 of the Civil Code are relied on for the holding that "No reason exists why the principal under an ostensible authority which through fault or negligence he has permitted, should be exonerated from liability for the torts of the ostensible agent, any more than would the principal in the case of an actual agency."

In the case at hand Clark, Black and Friedman were all licensed as real estate salesmen at the request of and under the employment of the appellant herein. Their licenses were issued by the state real estate commissioner under the provisions of the act of 1919, Statutes of 1919, page 1252, and any attempt to create for them the status of independent contractor or broker would have been in violation of the penal provisions of that act. The jury, of course, was entitled to presume that none of the parties hereto had purposely committed a crime within the terms of that act. At

the same time the jury was entitled to believe all the testimony which showed unmistakably that up to the time of the trial the corporation held itself out as the broker having sole authority to make the sales, and that during the same time the corporation, as well as the agents, deliberately and purposely represented to the plaintiff and. to the prospective customers that these. parties were merely agents of the corporation, and that the corporation and it alone had sole authority to arrange for the sale of the lots and that all others acting or engaged in any capacity in connection with the sales or prospective sales of the lots were acting as the agents and employees of the corporation alone.

■ Complaint is also made of our failure to comment upon the instruction relating to the admission of the original answer. in - evidence. The point is that. the original com-plaint charged that the defendant corporation invited and solicited the plaintiff to view and inspect the properties for the purpose of offering them for sale. This allegation was admitted in the original answer filed by the corporation, but after the trial had progressed this appellant asked and obtained leave to file an amended answer in which this allegation was denied. In instructing the jury the trial judge advised them that they could take these facts into consideration in determining the question as to the relation of the parties defendant. The instruction is not as urged by appellant, an instruction that the original answer should be taken as an admission or confession of the facts pleaded in the complaint. The instruction as given means that the original answer may be treated as a declaration against interest to be taken with all other evidence in the case to determine the disputed question of fact—that of agency.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1929.

All the Justices concurred.