[Civ. No. 6842. First Appellate District, Division One.—August 28, 1930.]

M. R. MITCHELL, Respondent, v. MONROE, LYON & MILLER, INC. (a Corporation), et al., Appellants.

M. R. MITCHELL et al., Respondents, v. MONROE, LYON & MILLER, INC. (a Corporation), et al., Appellants.

J. Hampton Hoge for Appellants.

Dinkelspiel & Dinkelspiel and Ford & Johnson for Respondents.

PARKER, J., *pro tem.*—These cases were tried together before the same jury, under agreement of counsel. A stipulation is on file with this court under which the cases are presented on one set of briefs, the court having made its order pursuant to the stipulation. The appeals are from judgments rendered in favor of the plaintiffs pursuant to the verdict of the jury.

The action arises out of an automobile accident and in the same automobile were the plaintiffs and others. Among the others were one Lowmiller and one Colclough. Lowmiller brought an action against these same defendants, as likewise did Colclough. The actions of these last named went to trial and, following judgments in their favor, separate appeals were taken and these appeals were heard and determined in the District Court of Appeal for this District, Division Two. The opinions of the court are found as follows: *Lowmiller* v. *Monroe, Lyon & Miller,* 101 Cal. App. 147 [281 Pac. 433]; *Colclough* v. *Monroe, Lyon & Miller,* 101 Cal. App. 791 [281 Pac. 434]. In these cases the plaintiffs were represented by the same counsel who appear for plaintiffs here and the defendants were represented by the same counsel as they now have. After the rendition of the opinions in the District Court the appealing defendants petitioned for a rehearing in the causes in the Supreme Court and the petitions were denied. The cited cases, covering the same accident, dispose of all, or nearly all, of the contentions made on the present appeal. We are satisfied to accept the decisions as announced. Therefore, it becomes unnecessary to elaborate upon the facts of the case or upon the present contentions of the appellants.

Appellants argue that the court in the prior decisions missed the true point of the case, but a careful reading of the opinion indicates that what appellants distinguish as the true point was considered and passed upon, adverse to its contentions. There remains, however, one or two points not involved in the prior decisions. It is claimed here

that the trial court erred in the admission of certain testimony. This claim is predicated upon the admission by the court of certain declarations of an agent going to establish the agency. It might be conceded that this was error. Yet, at the trial the exact relationship of the alleged agent was clearly shown and held to be that of agent. In fact, there was no conflict of fact concerning what his relationship to the appellants was, though there was a dispute as to the legal effect thereof. In *Provident G. Min. Co.* v. *Manhattan S. Co.,* 168 Cal. 304 [142 Pac. 884], we note this apt language: "Since the court set the right interpretation upon the contract, the introduction of the evidence was not injurious. The same result would have been reached necessarily without that evidence." So here, with all of the facts disclosed and the exact relationship of the alleged agent to his claimed principal being before the court, the statements of the agent to third parties become harmless even if erroneously admitted.

In thus declaring the law we are mindful of the controlling fact that the evidence adduced did disclose an agency as found from the same facts in the decisions of the District Court of Appeal cited.

Lastly, the new point presented here is as to the construction to be placed upon the recent legislation embodied in section 141¾ of the California Vehicle Act, now commonly referred to as the Guest Law (Deering's General Laws, Supp. 1929, Act 5128). Appellants argue that this law, passed subsequent to the accident involved, controls a determination of the present appeal. However, this question has been set at rest by both the District Court of Appeal and the Supreme Court. The latest expression of the Supreme Court is found in *Callett* v. *Alioto,* 210 Cal. 65 [290 Pac. 438]. The case squarely holds the present appeal to be unaffected by the provisions of the California Vehicle Act referred to.

The judgments are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 27, 1930, and a petition by appellants to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 27, 1930.