FRANKLIN E. HALL vs. ROBERT SERA ET AL.

RICHARD MORTON vs. ROBERT SERA ET AL.

ALICE M. HALL vs. ROBERT SERA ET AL.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 9th—decided November 7th, 1930.

*William A. Bree,* with whom was *H. Frederick Day,* for the appellant (defendant Insurance Company).

*Ralph O. Wells* and *Henry C. Stone,* for the appellee (plaintiff).

HAINES, J.   The three plaintiffs were occupants of an automobile driven by Franklin E. Hall, and which was in collision with another car driven by the defendant Sera, about three miles south of Suffield on the public highway leading to Hartford on November 27th, 1929.   The John Hancock Mutual Life Insurance Company, the alleged employer of Sera, was made defendant with him and the cases were tried together resulting in verdicts for the plaintiffs in all the cases against both defendants.   Sera made default of appearance and took no appeal, but the Insurance Company moved to set aside the verdicts rendered against it; the court denied the motion and the Insurance Company appealed.

The jury could reasonably have found from the plaintiffs' evidence that shortly before four o'clock in

the afternoon on the day stated, the plaintiff Franklin E. Hall was driving his car north, having as passengers his mother, Alice M. Hall, the plaintiff Richard Morton, a child of two years, and Monica Mooney, while the defendant Sera was driving in the opposite direction and following another car driven by Potter. Sera was driving more rapidly than Potter and the latter slowed down to permit him to pass, which he attempted to do without warning and without reducing his speed, and in so doing turned to his left onto the opposite side of the traveled way and collided head-on with the car driven by Hall, causing various and more or less serious injuries to each of the plaintiffs, and demolishing Hall's automobile.

Under the assignment of error for failure to set aside the verdicts, it is not denied that the negligence of Sera was the proximate cause of the plaintiff's injuries. Only two claims are made in argument and brief; that the defendant Sera was an independent contractor, and not the agent of the Insurance Company so as to make the latter responsible in these actions as the principal, and that the damages awarded to Alice M. Hall were excessive. The appellant contents itself with making the latter statement in its brief and pursuing it no further. A study of the record satisfies us that we cannot hold the damages excessive under the circumstances.

The question of the agency of Sera is to be determined by the application of well known principles of law to such facts as the jury could reasonably have found to exist in view of the evidence before them. They could thus have found that Sera was under a written contract of employment with the company by which he was to devote all his time to the work required of him; that he had been hired by Brennan, an

officer of the company, to whom he referred as "my boss" and "my superintendent"; that he was furnished a book of instructions to govern his conduct as such employee; that a list of collections to be made was given him each week and it was his duty to make the collections and turn them in to the company with a full report, at a definite time; that it was necessary for him to have a car to properly perform some of his work; that like many other agents of the company similarly situated, he was driving and maintaining his own car without the assistance of the company, but with its knowledge and acquiescence; that at the time of the accident he was thus driving to reach Hartford and turn in certain collections he had made and make his report and was required by the terms of his employment to do so before five o'clock that afternoon; that he also had in his possession certain policies which he was required to deliver to parties who had taken out insurance. In addition to these facts it also appears that he was, at the time of the trial, receiving compensation for a personal injury which he himself suffered in the same accident, under a voluntary agreement with the employer, notice of which under the Workmen's Compensation Act had been sent to the compensation commissioner over the defendant company's own signature, and wherein it was stated that Sera had suffered personal injuries in the course of his employment by the company and arising out of the employment. The appellant claims that agency did not exist because the company did not have control of the operation of the car at the time of the accident. The important question, however, is not whether the company had physical control of the movements of the car at the time of the collision, but rather whether it had the right of general control over the driver himself —a question of status. When the collision occurred

Sera was acting under the orders of his employer to turn in his collections as agent and to report at Hartford before five o'clock. In performing this duty he was acting under the company's control, and it is immaterial whether he was driving a car, driving a horse, or walking. "The method of determining the driver's compensation for the services he rendered . . . is not of controlling importance; nor is the fact that the driver used his own automobile, maintained by himself, in performing the work." *Lassen* v. *Stamford Transit Co.,* 102 Conn. 76, 82, 128 Atl. 117; *Aisenberg* v. *Adams Co., Inc.,* 95 Conn. 419, 423, 111 Atl. 591; *Dillon* v. *Prudential Ins. Co.,* 75 Cal. App. 266, 242 Pac. 736; *Burgess* v. *Garvin,* 219 Mo. App. 162, 272 S. W. 108; *Dishman* v. *Whitney,* 121 Wash. 157, 209 Pac. 12; *Lewis* v. *National Cash Reg. Co.,* 84 N. J. L. 598, 87 Atl. 345; *Auer* v. *Sinclair Refining Co.,* 103 N. J. L. 372, 137 Atl. 555. From the evidence above summarized and other evidence before it, the jury could not reasonably have found otherwise than that Sera was an employee and agent of the company acting within the scope of his employment, and was not an independent contractor. The trial court did not err in refusing to set aside the verdict for the reasons stated.

Several errors are assigned upon the admission of evidence. A witness was allowed while upon the witness stand, to draw a sketch indicating the relative positions of the cars as he saw them after the collision, and this was admitted in evidence over objection. The accuracy of the sketch was a proper subject for cross-examination and the fact that it was not drawn to a scale and was not an authenticated accurate map of the locality, did not render it inadmissible but only affected its weight. The trial court was acting within a reasonable exercise of its discretion in the admission of it. *Petroman* v. *Anderson,* 105 Conn. 366, 370, 135

Atl. 391; 2 Wigmore on Evidence (2d Ed.) §§ 790, 791, and cases cited.

Plaintiffs called a physician as medical expert witness, who was allowed over objection, to refresh his recollection by reference to a written report which he had previously dictated for the benefit of the plaintiff's counsel. This report was largely based upon his personal examination, observation and treatment of the plaintiff in question but in part upon information obtained from the hospital records which were made under his general supervision as the surgeon in chief of the hospital, and kept in the regular work of the hospital, though not personally written by the witness himself. The same witness was also permitted to refer to the same hospital records to refresh his recollection as to the location of certain scars on the plaintiff in question. The appellant urges that as the hospital record was not made in person by the witness, and as there was no evidence produced that the record was accurate, its use for the purposes indicated was prejudicial error. Counsel confuse the rule as to the admission of such records as evidence of past recollection and the rule as to the use of them to stimulate and refresh the memory of the witness so that he may testify from present recollection. It was for the latter purpose that the report and hospital records were used. Whether either was made in person by the witness is immaterial. "Any memorandum which can in fact stimulate the present recollection may be used, whether made by the witness or not, whether it be the original or a copy, or whether made at the time of the events testified to or not. . . . It is the recollection, not the memorandum, which is in evidence." *Neff* v. *Neff*, 96 Conn. 273, 278, 279, 114 Atl. 126; and in this case we discussed the rule at length and cited many authorities. Reference is also made to the later cases of

*Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 302, 309, 138 Atl. 147, and *Katsonas* v. *Sutherland Building & Construction Co.,* 104 Conn. 54, 69, 132 Atl. 553. These rulings were not erroneous.

Two hypothetical questions were put to a medical expert witness by the plaintiff. No reason for the objection to the second question appears of record, but the reason assigned for the first was that the question included the fact that within two years before the accident, the plaintiff in question had passed an insurance examination, and it did not appear what the examination was or who made it. The plaintiff had testified to the fact and had been open to cross-examination by the defendant. It was a fact in evidence and the court finds that this and all the other suppositions contained in the question had been testified to as facts. As to the second question, the court finds "every element or factor in the hypothetical question had been previously testified to as a fact." Both questions were properly admitted. It does not appear from the record that either question contained any assumption which counsel could not fairly claim the evidence tended to justify, and neither question was shown to be improper by reason of failure to include further facts, and those which were assumed seem sufficient to enable the witness to give a definite and intelligent opinion. *Barber's Appeal,* 63 Conn. 393, 406-410, 27 Atl. 973.

The court admitted over objection, a certified copy of a compensation agreement between the defendant company and its insurer and the defendant Sera, filed in accordance with the statute, by which the company agreed to pay Sera compensation "for an injury arising out of and in the course of his employment, and sustained by said employee" in the accident in question. Later the original agreement was also intro-

duced in evidence. The agreement was signed by the insurer and by the company itself acting by its assistant secretary and witnessed by the said Brennan, Sera's superior in the company. This was offered only as an admission made by the company that Sera was in its employ at the time of the accident and acting in the course of his employment. For the same purpose —of showing an admission—the court also admitted a report made by the defendant company to the compensation commissioner under the provisions of the statute, containing similar statements as to Sera. The objection was not valid. If these documents had been offered to prove the right of Sera to compensation they would clearly have been inadmissible, since, being a compromise, they did not tend to prove such right. They were offered, however, to prove the admission of a fact which they recited *as* a fact. The recital was not made hypothetically in order to make a settlement, but it specifically declared a fact and was thus properly an admission of the company. "The objection that the statement was improperly considered, since it was made in furtherance of a compromise settlement, represents a misconception of the scope of the rule in that regard." *Riccio* v. *Montano,* 93 Conn. 289, 293, 105 Atl. 625. "It is never the intendment of the law to shut out the truth; but to repel any inference, which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made, *because it is a fact,* the evidence to prove it is competent, whatever motive may have prompted to the declaration." *Hartford Bridge Co.* v. *Granger,* 4 Conn. 142, 148.

The next two assignments of error, being eight and nine, are too clearly untenable to call for discussion.

The tenth assignment has to do with the defendants'

requests to charge and relate to the question whether Sera was the servant and agent of the defendant company and engaged in the performance of his duties at the time of the accident. This subject-matter is sufficiently covered by what has already been said in our discussion of the motion to set aside the verdict. The additional assignments relate to certain extracts from the charge of the court upon the same subject. A study of these and of the charge as a whole, satisfies us that it was adapted to the issues, correct in law and sufficient for the guidance of the jury. In view of all the evidence before them, we do not think the failure of the court to explain at length to the jury the legal distinction in probative value between evidence as such and admissions, could have influenced the jury in any way prejudicial to the interests of the defendant company. *Smart* v. *Bissonette,* 106 Conn. 447, 453, 138 Atl. 365; *Salemme* v. *Mulloy,* 99 Conn. 474, 482, 121 Atl. 870. Out of solicitude for the protection of the rights of all parties, we have considered these last assignments, but we again emphasize the fact that they are improper in form and not in accordance with the requirements of our practice. *O'Neil* v. *Larkin-Carey Co.,* 106 Conn. 153, 157, 158, 137 Atl. 721; *Knox* v. *Binkoski,* 99 Conn. 582, 587, 122 Atl. 400; Practice Book, p. 310, § 14.

There is no error.

In this opinion the other judges concurred.