### FIDELITY UNION LIFE INS. CO. v. McGINNIS et al.

No. 2854.

Court of Civil Appeals of Texas. El Paso.
June 8, 1933.

Rehearing Denied July 7, 1933.

Touchstone, Wight, Gormley & Price and Houston & Johnson, all of Dallas, for appellant.

P. G. Peurifoy, J. L. Lipscomb, and McBride, O'Donnell & Hamilton, all of Dallas, for appellee.

HIGGINS, Justice.

Appellee, for himself and as next friend of his seven year old daughter, Patsy McGinnis, brought this suit against M. D. Deen and Fidelity Union Life Insurance Company to recover damages on account of personal injuries sustained by said child.

It was alleged Deen was an agent and employee of said company and while driving an automobile in the course of his employment negligently struck the child, inflicting the injuries complained of.

In response to special issues the jury found that at the time the automobile driven by Deen struck the child he was an agent and employee of said company and was on his way to undertake to procure an application for insurance in said company.

Deen was found guilty of negligence in various particulars, and damages were assessed as follows:

In favor of the child for $9,000 for physical and mental suffering past and in the future.

In favor of McGinnis for $1,000, covering hospital and doctor's bills incurred by him and $1,000 for the diminished earning capacity of the child during her minority.

In accordance with the findings judgment was rendered against the defendants, jointly and severally, in the sum of $11,000, from which said company appeals.

Deen was an agent of appellant. He owned the car which he was driving at the time of the accident in question and paid the expense of operating and maintaining the same.

In behalf of appellant it is urged that Deen was an independent agent in the operation of the car, the appellant having no authority to direct or control the operation of the same and with which it had no concern under the contract between them, wherefore the doctrine of respondeat superior has no application and appellant is not liable for the injuries inflicted.

The contract between the parties is in writing. It provides:

"This agreement made this the 1st day of June, 1931, by and between the Fidelity Union Life Insurance Company, of Dallas, Texas, hereinafter designated as the Company, and Murry D. Deen, of Dallas, Texas, hereinafter designated as the Agent, witnesseth as follows:

"1. For and in consideration of being appointed by the Company as its Agent in the District comprising Dallas, Texas, and vicinity (it being understood that said district is not assigned exclusively to the said Agent), and of the compensation hereinafter specified, the Agent hereby agrees; To act under the control and instruction of the Company, to use his best efforts and devote his whole time to promote and make successful the business of the company in said district; to procure applications for the Company exclusively; to collect the first annual premium thereon, and to deliver policies sent to him for that purpose in accordance with the terms and conditions governing such delivery; to pay the Company all moneys collected immediately upon receipt thereof, less any commission then due and payable thereon; and to render such other services in connection with business done through his agency as the Company may request from time to time."

Other provisions of the contract fix Deen's compensation upon a commission basis and relate to details which have no special bearing upon the question at issue.

Deen testified that upon the date of the injury he was an agent and employee of the company, which was engaged in the business of writing life insurance. He was engaged in business for it and on its behalf in securing applications for life insurance. He was paid in the form of commissions. He collected for it premiums from people whose working hours would not permit them to go to the central office. After admitting he struck the child, he said that he was on his way to Oak Cliff to see a man named Bateman, whose acquaintance he wanted to make for the purpose of securing insurance business for the Fidelity Union Life Insurance Company, or health and accident business, and wanted to interest him in a policy. He had been given the prospect's name by a friend and had been instructed that if he would be at the Oak Cliff Station at 2 o'clock he could see him. This prospect's name was the only name that he was given. He was driving his own automobile and said he usually carried a rate book in it. At the time he struck the child he was acting under a written contract with the company made in June, 1931. The contract was then in force.

He worked under the company's city manager, R. F. Young, and took instructions from him in relation to his work for the insurance company.

He was willing to take on the prospect for either life insurance or health and accident insurance. He did not have regular office hours. He did not use his automobile to solicit business unless "it was plumb across town." The business that he was engaged in soliciting at the time he struck the child was "plumb across town," as his home was near Fair Park and the prospect whom he was to meet at 2 o'clock was across the river in Oak Cliff. Some of the other agents had cars and some did not. His principal did not own the car nor maintain it for him. At the time he struck the child he was not aimlessly wandering about. He was on his way to meet a prospect at a definite place and at a definite time.

He used the automobile in securing business for the Fidelity Union Life Insurance Company. The use of the automobile facilitated the business of securing applications for insurance. He could get around and see more people that way. It was easier to get an appointment to deliver a policy with a car. If Bateman had been agreeable to take a policy with the Fidelity Company he would have sold it to him; that he had in mind to try to sell him some insurance.

Young, manager of the Dallas city agents, under whom Deen worked, testified: He employed Deen but did not remember whether he knew that Deen had an automobile when he began work or not. Some of the agents had cars and others did not. He testified that an automobile would be very helpful to a city insurance agent in seeing more prospects. He said that some men who worked down town strictly did not use a car.

■ In determining whether an agent is an independent one, or, as it is usually termed, an "independent contractor," as distinguished from a mere servant or employee, the right of the principal to control the agent in the details of the work to be performed, is usually decisive of the question. If the principal has such right, then the agent is regarded as a servant or employee unless other circumstances and facts necessarily impel a different conclusion. Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522; Texas, etc. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542.

■ The contract of agency expressly provides that the agent, Deen, is to act under the control and instruction of the company. This plainly means the company reserved the right to control Deen in the details of the service he was engaged to perform. Under this stipulation we have no doubt the company would have had the right to insist that

Deen should use an automobile in the transaction of the business intrusted to him or that it could have commanded him not to use a car while so engaged. There is nothing in the contract which necessarily leads to the conclusion that Deen was an independent agent rather than a mere employee. As we view the relationship of the parties, as evidenced by the quoted provision, Deen was a mere employee, bound to devote his whole time to the company's service; engaged to procure applications for insurance with the company exclusively, to collect the first annual premium, to deliver policies, account for all moneys collected, less commissions due him, and "to render such services in connection with business done through his agency as the Company may request from time to time," all "under the control and instruction of the Company." The plain import of this contract is that the company had the right to control Deen in the details of his service and fixes his status as an employee rather than an independent agent.

The courts of this state in cases arising upon similar facts hold the agent not to be independent and apply the doctrine of respondeat superior. Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 40 S.W.(2d) 827; National, etc., Co. v. Rider (Tex. Civ. App.) 13 S.W.(2d) 414; King v. Galloway (Tex. Com. App.) 284 S. W. 942; Texas, etc., Co. v. Denson (Tex. Civ. App.) 45 S.W.(2d) 1001. In the last-cited case the principal had forbidden the use of the automobile and a writ of error has been granted by the Supreme Court.

For cases from other jurisdictions which support the view that upon the facts here presented the doctrine of respondeat superior applies, see Dillon v. Prudential Ins. Co., 75 Cal. App. 266, 242 P. 736; Lowmiller v. Monroe, Lyon & Miller, 101 Cal. App. 147, 281 P. 433, 282 P. 537; Hall v. Sera, 112 Conn. 291, 152 A. 148; Mitchem v. Shearman, etc., Co., 45 Ga. App. 809, 165 S. E. 889.

■ In this connection it is further contended that in order to charge appellant a finding that the operation of the car was within the scope of Deen's agency was indispensable and there is no evidence that appellant expressly or impliedly authorized Deen to use an automobile in the prosecution of the business intrusted to him.

There is no evidence of an express authorization to use an automobile in the work done by Deen, nor is there any testimony that he was forbidden to do so as in the Denson Case, supra.

In view of the service he was engaged to perform and the territory which it was necessary for him to cover, it may well be assumed Deen had implied authority to use

a car in covering his territory and rendering the service he was engaged to perform. Dillon v. Prudential Ins. Co., supra; Lewis v. National, etc., Co., 84 N. J. Law, 598, 87 A. 345; Dishman v. Whitney, 121 Wash. 157, 209 P. 12, 29 A. L. R. 460. Upon this phase of the case the material issue was whether, in driving the car, Deen was acting in furtherance of the company's business and for the accomplishment of the object which he was engaged to perform. International & G. N. Ry. Co. v. Anderson, 82 Tex. 520, 17 S. W. 1039, 27 Am. St. Rep. 902.

■ The evidence shows, and the jury found, that at the time of the injury Deen was on his way to undertake to procure an application for insurance with appellant. That fixes the liability of appellant.

The only other question relates to the amount of damages assessed. It is complained the awards of $9,000 to the child and $1,000 to the father for diminished earning capacity of the child during minority are excessive.

The evidence shows no permanent injury to the child and for her damages the court submitted for consideration only the question of physical and mental suffering, past and future. The evidence shows the little girl suffered a broken leg between the knee and hip; also bruises and abrasions on the head and back. The fracture was a serious one and two or three operations were necessary. The child has suffered severely and is still suffering from the after effects of the injury. There is nothing to indicate that the jury was influenced by any improper motive or consideration in the award of $9,-000 as compensation for the suffering which the child has undergone and will suffer in the future. The amount which should be awarded for such suffering rested in the sound discretion of the jury, and we do not feel, upon the facts of this case, that it would be proper for this court to undertake to substitute its judgment for that of the jury. 13 Tex. Jur. §§ 270 and 278.

■ As to the award of $1,000 in favor of the father on account of diminished earning capacity of the child, we regard that as excessive.

Upon filing, within twenty days, a remittitur in the sum of $750 upon the judgment in favor of the father, the judgment will be affirmed. If such remittitur be not so filed, the judgment will be reversed and the cause remanded.

Affirmed conditionally.

On Rehearing.

■ In its motion for rehearing appellant earnestly and ably contends that the award of $9,000 damages in favor of Patsy Mc-

Ginnis is excessive. Upon further consideration of that question we have reached the conclusion that such award is excessive in view of the fact that no permanent injury to the child is shown and such fact was so assumed by the court below. Texas & N. O. R. Co. v. Syfan (Tex. Civ. App.) 43 S. W. 551, 552; Rice v. Reese (Tex. Civ. App.) 110 S. W. 502; Galveston Electric Co. v. Dickey (Tex. Civ. App.) 138 S. W. 1093.

Final action upon appellant's motion will be deferred for twenty days. If, within that time, a remittitur of $2,500 upon the judgment in favor of Patsy McGinnis be filed, the motion for rehearing will be overruled. If such remittitur be not so filed, the motion will be granted and the judgment reversed because of its excessive nature.