MADDELENA M. RICCIO *vs.* ANTONIO MONTANO ET AL.

First Judicial District, Hartford, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Our Workmen's Compensation Act confers full jurisdiction upon the
   Commissioner to determine, among other things, whether com-
   pensation shall be made in accordance with a voluntary agreement
   of the parties (§ 5361), or pursuant to his direct order after a hear-
   ing of the case.  The whole proceeding is essentially single and
   entire and forms, in effect, but one cause.  Accordingly, any ma-
   terial fact that comes to the knowledge of the Commissioner in his
   disposition of the matter—whether acquired in conformity with
   the ordinary common-law or statutory rules of evidence, or other-
   wise—is one that he is entitled to utilize at any stage of the pro-
   ceeding in determining his ultimate official action.
In the present case the adjuster of the company which had insured the
   employer, when before the Commissioner with the other parties
   to see whether he would approve of the settlement voluntarily
   entered into by them, stated to him the nature of the injury re-
   ceived by the decedent employee.  *Held:*—
1. That such statement, which was in the nature of an admission and
   made as one of fact, was evidence which the Commissioner could
   take into account in making up his award after a regular hearing
   at a later date.
2. That the adjuster was entitled to represent the defendants before
   the Commissioner, and that his statements and admissions, as
   such, were as binding upon them as they would have been had he
   been an attorney at law.
Evidence of a statement in the nature of an admission, if made as a
   fact and not to buy one's peace, is competent and admissible
   against the person making it, though made during an interview
   looking to a compromise.
The conclusions of the Compensation Commissioner, like those of any
   other trier, must stand, if they find reasonable support in the
   evidence presented.

Argued January 8th—decided February 19th, 1919.

APPEAL by the defendants from a finding and award
of the Compensation Commissioner of the first district
in favor of the plaintiff, taken to and tried by the

Superior Court in Hartford County, *Burpee, J.;* the court found that the conclusion of the Commissioner that Antonio Riccio, the plaintiff's husband, received an injury arising out of and in the course of his employment by the defendant Montano was not supported by the evidence properly before him, and set aside the award, and from this judgment the plaintiff appealed. *Error and judgment set aside.*

The Commissioner's finding is to the following effect: Antonio Riccio, the claimant's husband, was employed by the defendant Montano. While so employed there had been, for two or three days prior to February 1st, 1917, and on that day there continued to be, some pimples on his cheek. On that day he was hit upon these pimples by a board or plank used in concrete construction. As a result of this blow an infection of a virulent form appeared on and about the injured part, such as would not have appeared in the absence of an injury. The infection increased until two days later, when a physician was called. February 6th the patient was removed to a hospital and on the following day he died. The immediate cause of death was pneumonia, which in turn was induced by the blow and the resulting infection or physical weakness, between which blow and the death there was an unbroken chain of causation and effect.

With his finding and award the Commissioner filed a memorandum, made a part thereof, in which he stated that the only real doubt he entertained in the case was whether or not Riccio sustained the injury claimed and found, but that he was of the opinion that the statement of one Pfanensmith, the adjuster of the insurer defendant, made to him at a preliminary conference, established that fact.

The occasion referred to was one when counsel for the claimant and Pfanensmith, representing both the

insurer and the employer defendant, appeared before the Commissioner to obtain, as prescribed by § 5361 of the General Statutes, his approval of the voluntary agreement which the parties had entered into. At that time, in the presentation of the situation to the Commissioner for his official action, Pfanensmith, in elaborating the statement made by claimant's counsel, told the Commissioner, among other things, that the deceased had on January 1st been struck on his face by a board or plank opening up one of the pimples which had already formed a scab and a pus deposit. Upon the conclusion of the statements of the representatives of the parties, the Commissioner decided that he ought not to approve of the agreement made, and that the case was one which it was his duty to hear. Such hearing was later had, evidence presented by the parties heard, and the award appealed from made.

The appeal to the Superior Court was based upon two grounds, to wit: (1) that the Commissioner erred in finding that Riccio received an injury by being struck in the face by a board or plank, and (2) that he erred in finding that there was a causal connection between such injury and Riccio's death. The particular irregularity charged in support of the defendants' contention that the Commissioner erred in reaching his conclusion that the deceased was injured as stated, consisted of his having taken cognizance of Pfanensmith's statement above recited and in forming his conclusion, in part at least, upon it. The court found that this complaint was well founded, and set aside the award for that cause alone.

*Ralph O. Wells*, for the appellant (plaintiff).

*Edward W. Broder*, for the appellees (defendants).

Riccio *v.* Montano.

PRENTICE, C. J.   The Commissioner's finding of the vital fact that Riccio received an injury by being struck in the face by a board or plank, would find, in the evidence adduced at the hearing held by him following his disapproval of the voluntary agreement, sufficient support to place it beyond the reach of successful attack did the record stop there.   It, however, contains a memorandum by the Commissioner, filed with and made a part of his finding and award, which shows that in arriving at his conclusion upon that feature of the case he relied, in part at least, if not chiefly, upon a statement or admission of Pfanensmith made upon the occasion when the parties, through their representatives, appeared before the Commissioner, as the law required, to secure his approval of the voluntary agreement which they had made.   The information thus conveyed by the memorandum rendered it incumbent upon the Superior Court, upon the appeal to it, to inquire whether or not the Commissioner, in making his finding and award, was justified in taking cognizance of Pfanensmith's statement, and for us on this appeal to determine whether or not it acted correctly in answering that inquiry in the negative and in consequence setting aside the Commissioner's award.

The reasons urged in support of the court's action in ruling that the Commissioner was in error in making a finding based, either in whole or in part, upon Pfanensmith's statement are three, to wit: (1) that Pfanensmith was without authority to speak in a way to bind the defendants; (2) that his statement, having had for its sole purpose the compromise of a disputed claim, was incompetent; and (3) that the statement, made when and where it was, was not properly before the Commissioner as a matter to be considered by him in making his finding and award, or to be considered

at any stage of the compensation proceedings subsequent to that at which it was made.

The first of these reasons is not well founded. The record shows that Pfanensmith was the insurer defendant's adjuster, and that he appeared before the Commissioner, as the representative of both the defendants, to obtain his official sanction to a voluntary agreement of the parties in interest upon the subject of compensation. Whether or not he was an attorney at law, he was entitled to represent the defendants before the Commissioner (§ 25 of the Compensation Act, § 5364) and his statement and admissions as such representative were as much those of his principals, and as binding upon them, as those of an attorney would have been. Representation by a person authorized to practice in our courts would not have given that representative any higher standing as an agent of the defendants authorized to bind them by his words or action.

The objection that the statement was improperly considered, since it was made in furtherance of a compromise settlement, represents a misconception of the scope of the rule in that regard. "It is never the intendment of the law to shut out the truth; but to repel any inference, which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made, *because it is a fact*, the evidence to prove it is competent, whatever motive may have prompted to the declaration." *Hartford Bridge Co.* v. *Granger*, 4 Conn. 142, 148. "Proposals made while a compromise is in treaty between the parties cannot be offered in evidence, but conversations in which an independent fact is disclosed may be admitted to prove it." *Broschart* v. *Tuttle*, 59 Conn. 1, 23, 21 Atl. 925. Pfanensmith's statement in the nature of an admission was

made as one of fact. It was made unqualifiedly and without reservation, and as embodying facts which should influence the Commissioner's action.

The claim that the Commissioner had no right to consider admissions of fact which may have been made upon the occasion of the first appearance of the parties or their representatives before him, is one which is unmindful of the jurisdiction conferred upon Compensation Commissioners under our law, the peculiar nature of their functions (only *quasi* judicial), the scope of their powers and duties, and the informal character of their procedure differentiating it from that in civil actions and relieving it in large measure from conformity to the more technical rules applicable to them.

Under the law the Commissioner was given full jurisdiction to determine what compensation should be made by Riccio's employer on account of his death from injuries received while engaged in that employment, to whom it should be made, what its amount and terms, within statutory limitations, should be, and whether it should be made in accordance with a voluntary agreement or pursuant to his direct order made after the hearing. The matter in its entirety and in all its aspects was essentially a single one, committed by the law to him for his determination, and formed in effect one cause. It mattered not whether it was before him for approval of the voluntary agreement under § 5361 or for an independent investigation and decision after a hearing of such evidence as the parties might care to present, as provided in subsequent sections, or in the course of events for both purposes. In either case, it was there for his consideration in some phase of a single inquiry and for a single ultimate determination that he was to reach. Accordingly, any material fact that came to his official knowledge in his disposition of the matter was one that he was entitled

to utilize in any stage of the proceedings which might be had before him to that end, and in the determination of his ultimate official action.

The right of the Commissioner to make use of Pfanensmith's statement is further established by the provisions of § 5364, wherein it is provided that Commissioners shall not be bound by the ordinary common-law or statutory rules of evidence or procedure, but may make inquiry in such manner through oral testimony or written and printed records as shall be best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of the Act. Here is statutory authority fully justifying the Commissioner in taking cognizance of Pfanensmith's statement that the deceased was struck in the manner found, clearly and distinctly made to him for his guidance in the performance of his official duty.

Counsel for the defendants, in their brief, present the further contention that even if the court erred in setting aside the award for the cause stated in its memorandum, its action was nevertheless correct in view of the other ground contained in the reasons of appeal and not passed upon by the court, to wit, that the Commissioner erred in finding that there was a causal connection between the blow upon Riccio's face and his death. It is unnecessary to dwell upon this claim further than to observe that the Commissioner's conclusion in this regard finds a reasonable foundation for it in the medical testimony presented, and must therefore stand.

There is error, the judgment of the court setting aside the Commissioner's award is set aside and the cause remanded for the rendition of a judgment affirming the award of the Commissioner.

In this opinion the other judges concurred.