SINAI BARRETTE *v.* THE TRAVELERS INSURANCE
COMPANY ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 153665

Memorandum filed July 10, 1968

*Michelson & Kane,* of Hartford, for the plaintiff Barrette.

*Pomeranz & Chernoff,* of Hartford, for Two Rivers Dyeing Company, intervening plaintiff.

*Courtney, Mansfield, Sullivan & Ripley,* of Hartford, for the named defendant.

*Rogin, Nassau, Caplan & Lassman,* of Hartford, for the defendant Greater New York Mutual Insurance Company.

GRILLO, J. The issue via demurrer raised by this litigation is one of initial impression in the state courts of Connecticut and raises the question: Can

an employee injured in the course of his employment institute a common-law action in negligence against the workmen's compensation insurance carrier of his employer?[1]

These proceedings are instituted by Sinai Barrette, who was injured on November 8, 1966, at the Two Rivers Dyeing Company in Danielson, Connecticut, in an accident arising in the course of and out of his employment. Succinctly stated, the suit charges negligence in the failure of the defendants to inspect allegedly dangerous machinery, a failure to warn the plaintiff of the danger, and neglect to provide devices to negate the danger. In effect, the negligence averred encapsulates the claim that the defendants' nonfeasance resulted in the employee's working in an unsafe place.

This action is brought pursuant to the third-party liability provision of the Workmen's Compensation Act of Connecticut, which allows an injured employee to accept workmen's compensation benefits and also to proceed against a third person who caused the injury.[2] The defendant Greater New York Mutual Insurance Company is the workmen's

---

[1] The federal District Court of Connecticut *(Timbers, J.)* has had a similar question. See Judge Timbers' excellent opinion in *Bartolotta* v. *United States,* Civil No. 10169 (D. Conn., filed Nov. 2, 1967) (appeal pending).

[2] "Sec. 31-293.  LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE.  When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the *payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person,* but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. . . ."

compensation insurance carrier for the employer company and has paid compensation benefits to the plaintiff. Another defendant is the Travelers Insurance Company, liability insurer of the employer company, whose status insofar as this plaintiff is concerned will be referred to hereinafter.

Briefly stated, the plaintiff contends that while the statute—§ 31-284 (a)[3]—insulates the employer from common-law liability, the legislature, in specifically protecting the employer only, failed to shield the employer's compensation insurer, thus rendering the latter subject to the instant action for its negligent nonfeasance.

It is accepted Connecticut law that, as between all persons in mutual relationship of employer and employee who have accepted the provisions of the Workmen's Compensation Act, the right to obtain, and the liability to pay, compensation under the act are substituted for the common-law rights and liabilities otherwise existing between them, to the exclusion of the latter. *Buytkas* v. *Second National Bank,* 127 Conn. 316, 319. In determining the meaning of a particular section of an act, it is always necessary, however, to take a broad general view of the act. The provisions of the legislation are to be read and construed together. *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 592; *West Hartford* v. *Thomas D. Faulkner Co.,* 126 Conn. 206, 211.

---

[3] "Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter."

A key opening the door throwing light upon the present inquiry is found in the following provisions of the Workmen's Compensation Act. Section 31-340 of the act provides in part: "Every such policy shall contain an agreement by the insurer to the effect that the insurer shall be directly and primarily liable to the employee and, in the event of his death, to his dependents . . . to pay to him or to them the compensation, if any, for which the employer is liable; but payment in whole or in part of such compensation by either the employer or the insurer shall to the extent thereof be a bar to the recovery against the other of the amount so paid." Furthermore, § 31-342 provides: "[T]he [compensation] commissioner having jurisdiction may make his award directly against such employer, insurer or both, except that, when there is doubt as to the respective liability of two or more insurers, he shall make his award directly against such insurers; and such awards shall be enforceable against the insurer in all respects as provided by law for enforcing awards against an employer, and the proceedings on hearing, finding, award, appeal and execution shall be in all respects similar to that provided by law as between employer and employee." And § 31-287 provides: "No policy of insurance against liability under this chapter, except as provided in section 31-284, shall be made unless the same covers the entire liability of the employer thereunder and contains an agreement by the insurer that, as between the employee and the insurer, notice or knowledge of the occurrence of injury by the insured shall be deemed notice or knowledge by the insurer, that jurisdiction of the insured for the purposes of this chapter shall be jurisdiction of the insurer and the insurer shall in all things be bound by and subject to the findings, awards and judgments rendered against such insured; and also that, if the insured

becomes insolvent or is discharged in bankruptcy during the period that the policy is in operation, or the compensation, or any part of it, is due and unpaid or if an execution upon a judgment for compensation is returned unsatisfied, an injured employee or other person entitled to compensation under the provisions of this chapter may enforce his claim to compensation against the insurer to the same extent that the insured could have enforced his claim against such insurer had he paid compensation."

These provisions of this legislation, considered in conjunction with others cited in the footnote hereto,[4] evince the clear-cut intention of the legislature to create an inseparable identity between the employer and his insurer insofar as compensation and medical benefits for the injured employee are concerned. In that regard the status of the insurer is that of the employer once the employer-employee relationship comes into existence. There appears, as a result, the blending of the jural personalities of the employer and his insurer and a conclusive indication that the legislature did not intend to differentiate between the employer and the insurer so far as obligations relative to compensation benefits are concerned. Cf. *Connecticut State Board of Labor*

[4] General Statutes § 31-296 (in a suggested form); § 31-300 (interest penalties due to fault or neglect of employer or insurer); § 31-326 (proceedings against delinquent insurance companies or employers); § 31-327 (payment of fees and expenses by employer or insurer); § 31-341 (notice of compensation hearing sent to insurer to be the same as one sent to employer and insurer to be party to the hearing); § 31-343 (certain defenses not available to insurer against an employee); § 31-344 (limitation on the representation which will vitiate policy as between the insurer and insured); § 31-346 (damages to insurer for material misstatements by insured); § 31-347 (insurer to provide schedule of compensation experience); § 31-348 (insurance companies to report risks and cancelation of policies subject to penalties); § 31-355 (insurer and employer to be liable to state if state has to pay second injury compensation).

*Relations* v. *Greenwich Taxi Co.,* 151 Conn. 573, 577. The imposing of these duties upon the insurer by this merger of identities carries with it the corresponding right of the insurer to be accorded a right similar to that of the employer, i.e., immunity from a common-law negligence action. *Kotarski* v. *Aetna Casualty & Surety Co.,* 244 F. Sup. 547, 555, aff'd, 372 F.2d 95.

The duties allegedly violated in this action obviously are those required of an employer—providing a safe place to work. *Wells* v. *New York, N.H. & H.R. Co.,* 102 Conn. 361, 363. What is the proper rule to apply when an insurer commits an act of negligence in carrying out activities which an employer has no duty to perform need not now be decided. *Donohue* v. *Maryland Casualty Co.,* 248 F. Sup. 588, 591-92. Our statutes and rules of procedure permit the insurer to bring an action either alone or by way of intervention against the third-party wrongdoer to recover compensation it has paid. General Statutes § 31-293; Practice Book § 147; *Haslam* v. *Trailways of New England, Inc.,* 59 F. Sup. 441, 443. To permit this action would result in the ludicrously incongruous situation of an insurance carrier suing itself when it has paid compensation.

Another compelling reason suggests itself as to why the Connecticut Workmen's Compensation Act must be construed to preclude an action in negligence against the insurer which has paid compensation to the would-be plaintiff employee. The act as now administered provides informal machinery and procedure to see that full justice is done to the injured employee. *Bowne* v. *Stamford Rolling Mills Co.,* 95 Conn. 295, 297. Informal conferences between the claimant and the insurer's representative are the rule, and formal hearings the exception. These informal conferences are designed to effectu-

ate a speedy and efficient method of settling claims of employees against employers. 3 Sutherland, Statutory Construction (3d Ed.) § 7206.

In construing statutes, emphasis must be accorded the social and economic factors giving rise to the legislation and the effect that a possible interpretation will have upon society. 3 Sutherland, op. cit. § 6007. Generally speaking, informal conferences are conducted in a bona-fide attempt, on the part of employee and insurer in the presence of the commissioner, to ascertain the facts with a view toward expediting the claim of the employee. To allow this action to prevail would relegate these conferences to one of deafening silence. An atmosphere of caution would pervade the commissioner's conference room, with each party reluctant and wary lest any statement made might be utilized in future common-law negligence proceedings, in which potential recovery and risks would be much greater. For example, the employee, previously not concerned with the question of his negligence since that would not preclude recovery under the Workmen's Compensation Act, now would be circumspect in explaining the circumstances surrounding the accidental injury. So, too, the insurer, while previously willing to accord the employee the benefit of doubt with reference to the duration of the incapacity period, might now desist from that practice lest this concession be treated as an admission in a contemplated tort action against it by the employee. See, for example, *Riccio* v. *Montano,* 93 Conn. 289, 293; *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 562–64. Formal hearings would thus have to be held (necessitating further delay) which could possibly be transformed into proceedings where the parties would be observing themselves not as claimants and respondents but as potential plaintiffs and defendants with a view toward utiliz-

ing the evidence adduced at the future court hearings. Thus there would be a possible breakdown of the purpose of informal conference and formal hearing—an expeditious determination of the employee's right to compensation—and the machinery employed by the commissioner which has so well served the workman for more than a half century would be clogged. It is readily apparent that the essential advantage of granting this right of action would be outweighed by the disadvantage. *Taylor* v. *Keefe*, 134 Conn. 156, 163. In statutory interpretations, if one construction leads to injustice another construction should be adopted. *Blanos* v. *Kulesva*, 107 Conn. 476, 483 (dissenting opinion). We conclude that to interpret the statutes (§§ 31-284 (a), 31-293) as the plaintiff would have the court construe them would work an injustice to the workman, especially with reference to possible delay in obtaining his compensation benefits, and thrust him in a mire of litigation—a result hardly envisioned or desired by the legislature and in conflict with the spirit of the Workmen's Compensation Act. It would open a Pandora's box of ills detrimental to the welfare of the worker and his dependents.

The allegations of the plaintiff's complaint against the Travelers Insurance Company, the employer's liability insurance carrier, lack any showing of a duty owed by it to the plaintiff. *Dean* v. *Hershowitz*, 119 Conn. 398, 407–8. This action likewise cannot meet the thrust of a demurrer.

The demurrers are sustained.