[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 23, 1990, the plaintiff, Lorine Quimby instituted this action against the defendant Kimberly Clark Corporation. The plaintiff's eight count complaint seeks damages and injunctive relief for various common law and statutory causes of action based on the defendant's alleged wrongful conduct in connection with a claim by the plaintiff for worker's compensation benefits.
The plaintiff's complaint alleges the following facts. On June 4, 1986, the plaintiff while an employee of the self-insured defendant corporation, sustained a work related injury and subsequently gave notice of her injury CT Page 5172 and filed a claim for compensation with the defendant.
In count one, the plaintiff seeks damages for emotional distress which allegedly resulted from the defendant's refusal timely to pay workers' compensation benefits. In count two, the plaintiff claims that the defendant acted recklessly and in bad faith by intentionally depriving her of such benefits. In count three, the plaintiff claims that the aforementioned bad faith dealings of the defendant constitute a tortious breach of contract. In count four, the plaintiff alleges that the defendant's refusal to pay-workers' compensation benefits constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA) Conn. Gen. Stat. 42-110b(a),
In count five the plaintiff claims that the bad faith dealings of the defendant, in refusing to pay benefits, constitutes a breach of the implied contractual obligation to deal in good faith. In count six the plaintiff claims that the alleged bad faith dealings of the defendant constitute a tortious breach of contract. In count seven the plaintiff claims that the defendant's bad faith dealings constitute a violation of CUTPA. In count eight the plaintiff claims that the defendant's bad faith dealings constitute a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) Conn. Gen. Stat. 36-80.
On April 2, 1991, the defendant filed a motion to strike the plaintiff's complaint with a supporting memorandum of law. On April 18, 1991, the plaintiff filed a memorandum of law in opposition to the motion to strike.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152. If the plaintiff's complaint contains the necessary elements of a cause of action it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 218-19 (1987). The motion to strike admits all well-pleaded facts. Ferryman v. Groton,212 Conn. 138, 142 (1989). The court must construe those facts most favorable to the nonmovant, Rowe v. Godou, 209 Conn. 273, 278 (1988), and may not look outside the pleadings for facts not alleged. Covallo v. Derby Savings Bank, 188 Conn. 281, 286 (1982).
The defendant first moves to strike counts one, two, three, five, and six of the plaintiff's complaint on the grounds that the allegations contained therein fail to state common law causes of action based upon alleged violations of the workers' compensation act. The defendant, in its memorandum of law filed April 2, 1991, relies on Mora v. Aetna Life 
Casualty Ins. Co., 13 Conn. App. 208 (1988) and argues that the plaintiff has failed to allege facts sufficient to support a finding that liability for her injury, under the workers' compensation act, attached to the defendant. The defendant argues that there are no allegations in the plaintiff's complaint, that the defendant failed to contest liability within the statutory time period; that a voluntary agreement was entered into by the plaintiff and the defendant and approved by the Commissioner; or that the defendant's worker's compensation liability has been adjudicated by the Commissioner by virtue of a formal finding and award. Absent such CT Page 5173 allegations, the defendant argues that counts one, two, three, five and six should be stricken for failure to state a claim upon which relief can be granted.
The plaintiff in her memorandum of law, in opposition to the motion to strike, argues that her complaint alleges intentional tortious conduct by the defendant which is an exception to the exclusivity provisions of the Workers' Compensation Act.
Conn. Gen. Stat. 31-284(a) provides that employers "shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment" except as provided under the Workers' Compensation Act. Mingachos v. CBS, Inc.,196 Conn. 91 (1985).
"[T]he act was intended to be and is the exclusive remedy available where it appears that the necessary employer-employee relationship exists and the injury producing transaction arises out of and in the course of that employment, unless it is demonstrated otherwise." Castro v. Viera,207 Conn. 420, 426 (1988).
In accordance with the exclusive remedy provision of the Act, an employee who has a right to benefits under the Act may not pursue an action against her employer for damages or personal injures. Panaro v. Electrolux Corporation, 208 Conn. 589, 599 (1989). There are, however, exceptions to the exclusivity of the Workers' Compensation Act. See, e.g., Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 533-34 (1985). "[T]o be outside of the purview of 31-284 (a) an employer must have engaged in `intentional misconduct' that has been defined in our case law . . . ." Id. at 533-34.
In order for an act to be intentional, it must result in consequences "which the actor believes are substantially certain to follow from what he does" Mingachos, 196 Conn. at 101 (1985). "A high risk or probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results." Id.
The plaintiff's complaint fails to allege sufficient facts to support a claim based in common law tort. The defendant's conduct did not rise to the level of "intentional misconduct". Therefore, the plaintiff's sole and exclusive remedy for the claims alleged in the complaint lie within the provisions of the Workers' Compensation Act and are barred as a common-law action by Conn. Gen. Stat. 31-284 (a). Accordingly, the defendant's motion to strike counts one, two, three, five and six of the plaintiff's complaint is granted.
The defendant next moves to strike count four of the plaintiff's complaint for failure to state a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA) Conn. Gen. Stat. 42-110a et seq. The defendant argues that the alleged wrongful conduct does not constitute CT Page 5174 "trade" or "commerce" for purposes of CUTPA.
Conn. Gen. Stat. 42-110b(a) (rev'd to 1991) states "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat.42-110a(4) defines "trade" or "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state."
There is a conflict of authority in the superior court on the issue of whether CUTPA applies to the employer-employee relationship. Keneally v. Prime Computer, Inc., 3 CSCR 439 (March 7, 1988, Hale, J.). In Keneally, the court granted a motion to strike a CUTPA cause of action against an employer on the grounds that the employer-employee relationship does not constitute "trade" or "commerce" under the Act. See also Krupa v. United Technologies,2 CSCR 740 (July 1, 1987, Maloney, 3.) ("CUTPA does not cover disputes which arise . . . solely between an employee and his or her employer and which concern the exclusively the employer/employee relationship").
Accordingly, the defendant's moves to strike count four of the plaintiff's complaint's granted.
Finally, the defendant moves to strike counts seven and eight of the plaintiff's complaint on the grounds that those counts fail to state a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA) respectively.
Counts seven and eight reallege the allegations in count five which are based upon alleged wrongful conduct by the defendant in its capacity as a self-insured employer under the Workers' Compensation Act.
The defendant, in support of the motion to strike, argues that the plaintiff has failed to allege that the alleged wrongful conduct of the defendant was performed "with such frequency as to indicate a general business practice." Mead v. Burns, 199 Conn. 651, 660 (1986).
A plaintiff may bring a cause of action under CUTPA for a violation of CUTPA. Mead, 199 Conn. at 663. If the violation of CUIPA is an unfair claims settlement practice, Conn. Gen. Stat. 38a-816(6), the plaintiff must prove that the defendant committed the acts with such frequency as to indicate a general business practice. Id. at 660. If the CUIPA action is based on the defendant's unfair claims settlement practices, the plaintiff must allege more than a single act. Randall v. New Hampshire Insurance Co., 2 CSCR 465
(March 9, 1987, Ryan, J.); cf. Cole v. Metropolitan Property Liability Insurance Co., 10 Conn. Law. Trib. No. 45, p. 7 (D.Conn., June 13, 1984, Burns, J.).
The allegations in counts seven and eight of the plaintiff's complaint relate solely to the plaintiff's own claim for worker's compensation CT Page 5175 benefits. There are no allegations that the defendant related other claimants in a similar manner. Moreover, there is no allegation that the defendant's conduct was "performed with such frequency as to indicate a general business practice" Mead, 199 Conn. at 660. Accordingly, the defendant's motion to strike counts seven and eight of the plaintiff's complaint is granted.
For the foregoing reasons, the defendant's motion to strike is granted as to all counts of the plaintiff's complaint.
SUSCO, J.