[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 127)
The plaintiff, Antonio Deoliveira, asserts claims in eight counts against defendants Ross Roberts, Inc. and Liberty Mutual Insurance Company. The claims are connected to a work related injury sustained on May 11, 1989 while plaintiff was employed by defendant Ross Roberts, Inc. ("Ross Roberts" or "employer"). It appears from the revised complaint that this employment relationship terminated after the injury. Defendant Liberty Mutual Insurance Company ("Liberty") is the insurer of any liabilities incurred by Ross Roberts pursuant to the Workers' Compensation Act ("Act"). CT Page 9568
Ross Roberts moved to strike counts one, three and four for failure to state a cause of action because the claims contained therein are barred by the exclusivity provision of the Act. Defendant Ross Roberts moved to strike count two as well. That count alleges a breach of the covenant of good faith and fair dealing and also asserts wrongful discharge in violation of the Act as set forth in section 31-290a of the General Statutes. At short calendar, defendant Ross Roberts acknowledged to the court that it was not moving to strike plaintiff's statutory claim of wrongful discharge. As there is at least one viable claim in count two, that count cannot be stricken. See Alarm Applications v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980) (if entire complaint or defense is attacked and any part is legally sufficient, the motion to strike must be denied). The allegations of the second count are completely incorporated in the third and fourth counts. Under Alarm Applications v. Simsbury Volunteer Fire Co., supra, the motion must be denied as to those counts as well.
Count one alleges intentional infliction of emotional distress and is based on Ross Roberts' alleged failure to pay workers' compensation benefits in a timely manner in accordance with the Act.
Plaintiff argues that the exclusivity provision of the Act does not apply in this case since the actions of Ross Roberts occurred subsequent to plaintiff's on-the-job injury. It is allegedly independent of the first injury and not covered by the Act.
"[W]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint. . ., that party may do so filing a motion to strike the contested pleading or part thereof." Practice Book 152. See Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 54 A.2d 1185 (1988). The facts alleged in the challenged pleading are deemed admitted in a motion to strike. Maloney v. Conroy, 208 Conn. 392, 394,545 A.2d 1059 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Legal conclusions or opinions are not so deemed, Id., but "must flow from the subordinate facts provided," County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585-86, 491 A.2d 401 (1985). "In Ruling on a motion to strike, the court is limited to the facts alleged in the complaint," Gordon, supra, 170, and those facts are to be construed in the manner most favorable to the nonmoving party, Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). Only those grounds specified in the motion may be CT Page 9569 considered by the court in striking a complaint. Morris v. Hartford Courant, 200 Conn. 676, 682, 513 A.2d 66 (1986); Meredith v. Police Commission, 182 Conn. 138, 141, 438 A.2d 27
(1980).
The exclusivity of the workers' compensation remedy is properly raised by a motion to strike. See Jett v. Dunlap,179 Conn. 215, 220, 425 A.2d 1263 (1979) (judgment upon demurrer upheld on basis of exclusivity of Act). See also Wesson v. Milford, 5 Conn. App. 369, 498 A.2d 505 (1985) and Greene v. The Metals Selling Corp., 3 Conn. App. 40, 484 A.2d 478 (1984) (motions to strike upheld on grounds of exclusivity of Act).
The provision of the Act which sets forth the exclusive remedy for employees as against their employers is as follows:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . . but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees. . .arising out of personal injury. . .sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . . .
General Statutes 31-284 (a) (emphasis added). "Personal injury" is defined as follows:
 (8) "Personal injury", or "injury", as the same is used in this chapter, shall be construed to include, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment. . . .
General Statutes 31-275. CT Page 9570
Connecticut courts "have consistently held that where a worker's personal injury is covered by the [Workers' Compensation Acts], statutory compensation is the sole remedy. . . ." Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 532, 494 A.2d 555 (1985). Where, however, an employer engages in intentional misconduct against the employee, that employee may bring an action against the employer for such misconduct. Id., 533-34. The plaintiff claims intentional misconduct in each of the three counts under consideration.
The first issue to be resolved is whether plaintiff has sufficiently pled facts showing intent, thereby avoiding the issue of exclusivity. "To bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Mingachos, supra, 102. "`A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue.'" Id., 102 n. 13 (quoting 1 Harper James, Torts (1956) sec. 3.3, p. 216). In short, "[n]ot only the action producing the injury but the resulting injury must be intentional." Id., 102.
Plaintiff has not sufficiently pled intent. The plaintiff in the following paragraphs of his revised complaint asserts:
 12. The Defendant ROSS AND ROBERTS, INC. knew that as a result of the Plaintiff's injuries, losses and damages the Plaintiff: (a) was for a period of time unable to carry on life's activities; (b) would have no sufficient source of income with which to meet financial needs, obligations and daily living expenses; and that without this income the Plaintiff would continue to be deprived of the ability to provide for the basic necessities of life and to pay creditors; and that (c) the Plaintiff was relying on and anticipating receiving Worker's Compensation benefits.
 13. As a direct and proximate result of the failure of the Defendant ROSS AND ROBERTS, INC. to pay benefits when due, the Plaintiff has sustained financial damages and losses including: (a) being deprived of benefits due; (b) suffering the loss of income; (c) incurring attorney's fees; and (d) incurring expenses, damages, and losses incidental to the damages and losses claimed herein. CT Page 9571
 14. As a further result of the failure of the Defendant ROSS AND ROBERTS, INC. to pay benefits due: (a) the medical condition of the Plaintiff has been exacerbated; (b) the Plaintiff has been put under great emotional and financial stress; (c) the Plaintiff has been caused to suffer embarrassment and humiliation; and (d) the Plaintiff has suffered physical, mental and emotional distress.
No allegations of intentional misconduct are contained in the revised complaint. These allegations, alleging only a failure to pay, do not rise to the level of intentional misconduct. Nowhere in the complaint does plaintiff give factual support to his misconduct claims.
Also missing is factual substantiation of plaintiff's allegation that he was or is entitled to workers' compensation benefits. The appellate court in Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 535 A.2d 390 (1988), upheld the granting of a motion to strike where the plaintiff attempted to recover benefits from the insurer without substantiating that she was entitled to such benefits from her employer. I "Entitlement to workers' compensation benefits does not attach upon a mere request for payment." Id., 212. In order to show such entitlement the employee must establish, among others, the employer's liability to compensate. Id. The plaintiff's conclusory allegations have not done so here. Plaintiff's counsel conceded at oral argument that she knew nothing about the status of the workers' compensation case.
The injuries allegedly suffered by plaintiff are causally connected to his initial job-related injury and incidental to his employment. They are excluded by the Act. "[T]he workers' compensation] act was intended to be and is the exclusive remedy available where it appears that the necessary employer-employee relationship exists and the injury-producing transaction arises out of and in the course of that employment unless it is demonstrated otherwise." Perille, supra, 541-42.
Quimby v. Kimberly Clark Corp., 6 CSCR 625
(June 11, 1991, Susco, J.), is directly on point. There the plaintiff instituted an action against her employer based on emotional distress, bad faith, tortious breach of contract and CUTPA for damages allegedly resulting from the employer's refusal to pay workers' compensation benefits in a timely manner. Id., 212. The court held that, since the defendant's actions did not rise to the level of intentional misconduct and CT Page 9572 since the plaintiff's complaint failed to allege sufficient facts to support a claim based in common law tort, "the plaintiff's sole and exclusive remedy for the claims alleged in the complaint lies within the provisions of the . . . Act and are barred as a common-law action by Connecticut General Statutes31-284 (a)." Id., 213.
Plaintiff here likewise has failed to sufficiently state a cause of action that would put his claim outside the Act. In the absence of intentional misconduct on the part of his employer, Ross Roberts, plaintiff's remedy must be found in the provisions of the Act. See also Salzberg v. Gateway Bank, 1 Conn. L. Rptr. 550 (April 26, 1990, Landau, J.) (injuries allegedly caused by employer's filing false statements with Unemployment Commission one month after plaintiff's termination held to have occurred "during the course of employment" and thus barred by the exclusive remedy provision of the Act).
The court recognizes that some jurisdictions outside Connecticut have held that an independent action may lie against an employer who has delayed making compensation payments to an employee. See 2A Larson, Workmen's Compensation Law, sec. 68.34(c) (1987) for a discussion of those cases. See also Carpentino v. Transport Insurance Company, 609 F. Sup. 556 (D.Conn. 1985) (permitting action for consequential damages against insurer which unilaterally stopped workers' compensation payments required as per voluntary agreement and holding that Connecticut Workers' Compensation Act did not bar action). The reasoning in those cases does not apply to the allegations in this case. The complaint merely alleges a failure to pay with no supporting factual allegations which would constitute intentional misconduct.
The motion to strike is granted as to count one and denied as to counts two, three and four.
E. EUGENE SPEAR, JUDGE