[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION CT Page 4498
Assuming the duty to pay compensation had arisen, and that plaintiff's entitlement to worker's compensation benefits had been sufficiently pled, (despite defendant's claim to the contrary) the plaintiff's cause of action is barred by the exclusivity provision of the Connecticut Worker's Compensation Act (See defendant's Memorandum in Support of Motion to Strike at pp. 3-7.) DeOliveira v. Ross Roberts, Inc., et al,7 CSCR 32 (January 6, 1992).
Although an independent action against an employer who has delayed making compensation payments to an employee has been recognized; (see Carpentino v. Transport Insurance Co.,607 F. Sup. 556 (D. Conn. 1985)), to take advantage of this very limited exception to the exclusivity provision, an employee must allege intentional misconduct. Quimby v. Kimberly Clark Corp.,6 CSCR 625 (June 11, 1991). Payment disputes with a compensation insurer may not be litigated in the Superior Court unless conduct that shows an intentional, wilful and deliberate delay designed to cause the injury that allegedly resulted has been pled. Mingachos v. CBS, Inc., 196 Conn. 91, 102 (1985). Not only must the delay have been intentional, but it must have been done for the purpose of accomplishing the results plead or with knowledge that to a substantial certainty such results would occur. Id. In the absence of such allegations, the motion to strike is granted.
KATZ, J.