[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 123
The plaintiff, Ruthann Bariko, filed a three-count complaint on February 10, 1992, seeking to recover damages for the alleged "bad faith" failure to pay workers' compensation benefits on the part of the defendant, The Travelers Insurance Company.
In an amended complaint filed on February 20, 1992, the plaintiff alleges that on June 12, 1987, she was injured during the course of her employment with Cory Type and Design ("Cory"). The plaintiff alleges that she suffers from various permanent spinal injuries, urinary problems and depression, which were sustained when she tripped on stairs located on Cory's premises.
At the time of the incident the defendant provided workers' compensation insurance coverage to Cory.
On August 7, 1987, the plaintiff gave notice of her claim for worker's compensation benefits to the defendant. On August 28, 1987, the defendant contested its liability and claimed that the plaintiff's injuries and subsequent medical treatment were not related to her employment. On August 15, 1989, the parties entered into a voluntary agreement, approved by the Workers' Compensation Commissioner of the Fourth District, whereby the defendant agreed to pay benefits to the plaintiff based on her spinal injuries. However, on June 8, 1990, the defendant contested its liability for the plaintiff's urinary problems and depression.
The plaintiff alleges that the defendant has "continually CT Page 1121-B and unreasonably" failed to pay her medical bills in a timely fashion and refused to authorize payment for certain required medical equipment and treatment. The plaintiff also alleges that the defendant offered to settle her claim for an amount that was "far less than the actual value of [her] case."
On April 20, 1992, the court (Katz, J.), granted the defendant's motion to strike (#104) the plaintiff's complaint in its entirety. In an articulation (#118) filed on May 13, 1992, the court, relying on Mingachos v. CBS, Inc., 196 Conn. 91, 102,491 A.2d 368 (1985), ruled that "payment disputes with a compensation insurer may not be litigated in Superior Court unless conduct that shows an intentional, wilful and deliberate delay designed to cause the injury that allegedly resulted has been pled." In so doing, the court reasoned that because the plaintiff's complaint did not allege any intentional conduct on the part of the defendant, the plaintiff's claim was barred by the exclusivity provision of the Workers' Compensation Act and the Superior Court lacked subject matter jurisdiction to hear the plaintiff's claim (i.e., the plaintiff's dispute should have been brought before the Workers' Compensation Commission).
The plaintiff filed a six-count substituted complaint on May 27, 1992 (#120). The first count, which alleges that the defendant breached its covenant of good faith, contains allegations that the defendant's actions "were intentional, willful and deliberate." (See para. 20). Paragraphs 1-22 of the first count are incorporated into the remaining counts, which allege a cause of action pursuant to General Statutes42-110a et seq. ("CUTPA") (Second Count); a cause of action pursuant to General Statutes 38a-815 et seq. ("CUIPA") (Third Count); a claim for intentional infliction of emotional distress (Fourth Count); a claim for negligent infliction of emotional distress (Fifth Count); and a breach of contract claim (Sixth Count).
The defendant filed a motion to strike (#123) the plaintiff's entire substituted complaint on June 22, 1992, along with a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition (#126) on July 20, 1992. The defendant filed a supplemental memorandum of law (#127) on October 21, 1992.
A motion to strike challenges the legal sufficiency of the CT Page 1121-C allegations of a complaint. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well pleaded, Mingachos v. CBS, Inc.196 Conn. 91 108 491 A.2d 368 (1985), which are then construed in the light most favorable to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987). "For the purpose of ruling upon a motion to strike, the facts alleged in the complaint, though not the legal conclusions it may contain, are deemed to be admitted." Maloney v. Conroy, 208 Conn. 392, 394,545, A.2d 1059 (1988). The complaint must fail if it contains only unsupported conclusions of law without the required facts. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986
(1982). In determining whether a motion to strike should be granted, the question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 496, 605 A.2d 862 (1992).
In support of its motion to strike the plaintiff's entire substituted complaint, the defendant argues that the court lacks subject matter jurisdiction to hear the first, second, third, fourth and fifth counts because the Workers' Compensation Commission is the exclusive forum for litigating a claim which arises out of a work-related injury. The defendant contends that the plaintiff's substituted complaint does not set forth a legally sufficient intentional misconduct claim, which is the only type of claim that may constitute an exception to the exclusive jurisdiction of the Workers' Compensation Commission. With respect to the fifth count, which alleges a cause of action for negligent infliction of emotional distress, the defendant also argues that this claim is, by definition, a negligence theory that cannot be sustained as an exception to the exclusivity provision. With respect to the sixth count, the defendant argues that the plaintiff is not a third party beneficiary to the workers' compensation policy in effect between the defendant the plaintiff's employer.
In response, the plaintiff argues that she has alleged a legally cognizable intentional misconduct claim against the defendant.
If the plaintiff were seeking a recovery measured by loss CT Page 1121-D of compensation payments under the parties' voluntary agreement, the exclusivity provision of the Act would preclude the plaintiff from asserting such a cause of action against the defendant insurer.[1] However, in the present case, the plaintiff seeks redress for the defendant's "bad faith," and in so doing, argues that such conduct constitutes a tort that is separate from any wrong covered by the act.
Thus, the threshold issue in this case is whether the exclusivity provision of the Workers' Compensation Act bars an action at law for "consequential damages" caused by an insurer's "bad faith" in failing to make compensation payments under the Act. While the Connecticut Supreme Court has not yet addressed this issue, the United States District Court addressed this issue in Carpentino v. Transport Ins. Co., 609 F. Sup. 556
(D.Conn. (1985), and in so doing, made "an estimate of what [Connecticut's] highest court would rule to be its law." Id., 560. (the Carpentino case contains a useful summary of the decisions of other courts that have ruled on this issue.
In an articulation (#118) of a decision on a motion to strike that was filed in the instant case, Judge Katz ruled that "to take advantage of this very limited exception to the exclusivity provision" of the Workers' Compensation Act, "an employee must allege intentional misconduct on the part of the defendant. Then, citing Mingachos v. CBS, Inc., supra 102 (where plaintiff, as administrator of decedent employee's estate, sued decedent's employer based on a work-related injury), Judge Katz ruled that:
 [p]ayment disputes with a compensation insurer may not be litigated in the Superior Court unless conduct that shows an intentional, wilful and deliberate delay designed to cause the injury that allegedly resulted has been pled.
Judge Katz, by way of the articulation (#118), has recognized the existence of a "bad faith" action against an insurer, based on the insurer's wrongful delay in paying workers' compensation benefits. However, in so doing, Judge Katz has taken the "intentional misconduct" rule, which has been applied in cases where an employee attempts to avoid the exclusivity provision of the Act and sue the employer directly CT Page 1121-E for a work-related in jury (see e.g.; Castro v. Viera,207 Conn. 420, 541, A.2d 1216 (1988); Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 494 A.2d 555
(1985); Mingachos v. CBS, Inc., supra), and in cases where an employee sues the employer for failing to pay workers' compensation benefits when they come due (see e.g., DeOliveira v. Ross Roberts, Inc., 7 CSCR 32 (January 6, 1992, Spear, J.), and Quimby v. Kimberly Clark Corporation, 6 CSCR 625 (June 11, 1991, Susco., J)), and applied it to the instant situation, in which an employee seeks to assert a "bad faith" action based on the insurer's conduct in delaying the plaintiff's workers' compensation benefits. The court follows this ruling in deciding the instant motion to strike (#123), as this rule is now the "law of the case."[2]
The right to bring an independent action for damages caused by an insurer's "bad faith" in paying workers' compensation benefits was recognized in Carpentino v. Transport Ins. Co., supra. However, in order to bring such an action, the plaintiff must allege intentional conduct on the part of the insurer with respect to the insurer's failure to timely pay on the plaintiff's claim. Id., 560-61; see Judge Katz' articulation #118 in the present case.
In order to address the issue of whether the first, second, third, fourth and fifth counts of the plaintiff's substituted complaint are legally sufficient, the court must examine paragraphs 1-22 of the first count to determine whether they allege a legally sufficient claim for intentional misconduct. This is so because these paragraphs are incorporated into all of the remaining counts in the plaintiff's substituted complaint, in an attempt to plead the requisite "intentional" conduct necessary to avoid the exclusive remedy provision of the Workers' Compensation Act.
In the first count, the plaintiff alleges, inter alia, the following:
 16. . . . the defendant did not timely pay the plaintiff any total temporary benefits or medical expenses, with regard to her urinary or major depression problems;
17. . . . the defendant has continually and CT Page 1121-F unreasonably failed to pay the plaintiff's medical bills in a timely fashion and even refused to authorize payment for certain required medical equipment and treatment;
 18. . . . the defendant has made an offer to settle the plaintiff's . . . claim that was unreasonable and far less than the actual value of the plaintiff's case.
Then, in paragraph twenty of the substituted complaint, the plaintiff alleges that:
 The aforementioned actions . . . . . were intentional, wilful and deliberate and caused the plaintiff to suffer from the injuries alleged herein, which injuries the defendant should have foreseen would have resulted from the defendant's actions.
The first count of the plaintiff's substituted complaint contains a legally sufficient allegation of intentional misconduct on the part of the defendant, as it alleges that the defendant intended to cause delays in paying the plaintiff's claim, and that the defendant intended to cause the injuries suffered by the plaintiff. The defendant's motion to strike the first count on the grounds that the plaintiff fails to set forth a legally sufficient intentional misconduct claim is denied. Since the first count is incorporated into the second, third, and fourth counts, and the defendant moves to strike these counts for the same reason, the defendant's motion is denied as to these counts as well.
The defendant argues that the fifth count of the plaintiff's substituted complaint, which alleges a cause of action for negligent infliction of emotional distress, is by definition, a negligence theory that cannot be sustained as an exception to the exclusivity provision of the Workers' Compensation Act.
To be outside of the purview of the Workers' Compensation Act, the plaintiff must allege some intentional conduct on the part of the defendant, with respect to the defendant's failure to timely pay on the plaintiff's claim. Carpentino v. Transport CT Page 1121-G Ins. Co., supra, 560-561; Mingachos v. CBS, Inc., supra, 102; DeOliveira v. Ross Roberts, Inc., supra, 33. Despite the plaintiff's allegation that the defendant's actions were "intentional", wilful and deliberate" (para. 20), in order for the plaintiff to recover under the fifth count she must prove that the defendant was negligent in causing her to suffer emotional distress (i.e., that the defendant "should have realized that its conduct involved an unreasonable risk of causing emotional distress. . . .," Montineri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398, A.2d 1180 (1978). Thus, if the plaintiff is required to prove that the defendant was negligent, she will not be proving the requisite intentional misconduct on the part of the defendant that would place her claim outside the purview of the Workers' Compensation Act. The defendant's motion to strike the fifth count, which sounds in negligence, is granted.
In the sixth count, the plaintiff asserts a breach of contract claim against the defendant. In so doing, the plaintiff alleges that she is a third party beneficiary of the insurance contract between her employer and the defendant. (Para. 23). The plaintiff incorporates paragraphs 1-22 of the first count into the sixth count (including the allegations of intentional misconduct contained in paragraph 20 of the first count), and alleges that the defendant "breached its duty . . . by failing to pay the benefits due and payable" to the plaintiff. (Sixth Count, para. 24).
The defendant argues that the plaintiff is not a third-party beneficiary because General Statutes 31-340 creates a first party relationship between the plaintiff and the defendant. General Statutes 31-340 provides that:
 The contract of insurance between such employer . . . and such insurer shall be a contract for the benefit of any employee who sustains an injury arising out of and in the course of his employment. . . . every such policy shall contain an agreement by the insurer to the effect that the insurer shall be directly and primarily liable to the employee. . . .
The defendant also cites Barrette v. Travelers, Ins., Co., CT Page 1121-H28 Conn. Sup. 1, 246 A.2d 102 (Superior Court 1968), where the court stated that the Workers' Compensation Act creates "an inseparable identity between the employer and his insurer insofar as compensation and medical benefits for the injured employee are concerned." Id., 5 (holding that an injured employee's negligence action against employer's compensation carrier for failing to inspect certain machinery was demurrable.
The plaintiff's allegation that she is a "third party beneficiary "constitutes an extraneous allegation that is unnecessary to a recovery under the sixth count. The plaintiff's sixth count alleges a legally sufficient breach of contract claim against the defendant because it contains allegations that an agreement to pay compensation existed between the parties (para. 12) and that the defendant has failed to pay compensation to the plaintiff in a timely manner (para. 17). The sixth count also alleges intentional misconduct on the part of the defendant (para. 20), thereby placing the plaintiff's claim within the exception to the exclusivity provision of the Workers' Compensation Act.
Accordingly, the defendant's motion to strike the sixth count of the plaintiff's substituted complaint is denied.
BALLEN, JUDGE